In the Matter of OLIN W. LOUGHREY, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Third Department, July 13, 1971.

*Frederick C. Stimmel (George B. Burke* of counsel), for petitioner.

No appearance for respondent.

*Per Curiam.* In a disciplinary proceeding, petitioner moves for a default judgment upon respondent's failure to appear or file an answer to the petition as directed by an order which was served upon him personally with a copy of the petition.

The petition sets forth seven charges of misconduct. In Charge 1, respondent is accused of refusing to co-operate with the Grievance Committee of the Warren County Bar Association and the Committee on Grievances of the New York State Bar Association, in that between June, 1968 and October, 1970, he neglected to acknowledge receipt of, or to answer or appear in response to, numerous requests for information concerning the complaint of a distributee of an estate for which he was the attorney; and, in addition, in that he refused to appear before a subcommittee of petitioner's Committee on Grievances pursuant to a subpoena issued by the Clerk of this court and duly served upon him personally.

In Charge 2, respondent is charged with refusing to co-operate with the Committee on Grievances in that in November, 1970 he neglected to appear in response to a notice to appear before a subcommittee of the Grievance Committee in connection with investigation of a second complaint concerning a different estate for which he was attorney; that, thereafter, he refused to appear pursuant to another subpoena on a date to which the subpoena had been adjourned at his request; and that he otherwise failed to communicate with the committee.

In Charge 3, respondent is accused of converting from an estate proceeds of insurance policies amounting to $4,600; of

neglecting to obtain appointment of a successor administrator of an estate upon the death of the administrator; and of deceiving two distributees of the estate regarding the manner in which the distributees' shares might be paid.

In Charge 4, respondent is charged with failing and refusing as executor of an estate to comply with decrees of the Surrogate's Court of Washington County which surcharged him (a) the sum of $3,733, representing loss of income resulting from failure to properly invest estate funds; (b) the sum of $4,543, representing interest and penalties for his failure to file Federal and State estate tax returns; (c) the sum of $60, representing interest and penalties for his failure to file timely Federal and State fiduciary income tax returns; and (d) the sum of $1,000, representing the value of a diamond ring for which respondent was unable to account. Respondent is also charged with failure to comply with a decree which directed payment of the surcharge amounts and directed him to file a supplemental account and to deliver all property, assets and records of the estate to the Surrogate's Court of Washington County.

In Charges 5, 6 and 7, respondent is accused of converting $1,000 and neglecting two negligence claims and deceiving his clients with respect to their progress.

In support of the motion for a default judgment, petitioner has submitted an affidavit of counsel in which he enumerates and refers to the various correspondence, subpoenas and documents which support and corroborate the charges contained in the petition. Copies of the correspondence and documents have been filed together with proof of service of a copy of the moving papers upon respondent by mail.

The requirements for entry of a default judgment in a civil action or proceeding having been met, the motion should be granted. (CPLR 3215; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3215.26, 3215.27.) Respondent's failure to appear or answer is tantamount to admission of the charges. Inasmuch as the charges constitute grave professional misconduct, respondent should be disbarred.

HERLIHY, P. J., REYNOLDS, GREENBLOTT, COOKE and SIMONS, JJ., concur.

Motion for default judgment granted and respondent disbarred.