## (June 13, 1973)

In the Matter of SAMUEL D. COOPER, an Attorney, Respondent, v. NEW YORK STATE BAR ASSOCIATION, Petitioner.— In a disciplinary proceeding, petitioner moves for a default judgment upon respondent's failure to appear, file an answer to the petition as directed by an order served upon respondent personally with a copy of the petition, or to appear in opposition to the motion for judgment by default. The petition and supplemental petition set forth seven charges of misconduct. Respondent is charged with commingling and conversion of clients' funds; refusal to comply with court orders directing an accounting and return of clients' funds, which resulted in court orders adjudging respondent in contempt; refusal to co-operate with petitioner's investigation of a misconduct complaint; refusal to obey a subpoena duces tecum issued in aid of petitioner's investigation; and neglect of a client's negligence action, which resulted in dismissal for failure to prosecute. In support of the motion for a default judgment, petitioner has submitted an affidavit of counsel which enumerates and refers to the various documents, correspondence, court orders and subpoenas which support and corroborate the charges contained in the verified petitions. Proof of personal service of the petitions, together with orders of this court instituting this proceeding, as well as proof of service of a copy of the papers in support of the motion for a default judgment, have been filed. The requirements for entry of a default judgment in a civil action

or proceeding having been met, the motion is granted (*Matter of Loughrey*, 37 A. D 2d 187). Respondent's failure to appear or answer is tantamount to admission of the charges. Inasmuch as the charges constitute grave professional misconduct, respondent should be disbarred. Motion for default judgment granted and respondent disbarred. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.