*Corp.,* 72 AD2d 870). Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.

(June 11, 1985)

(June 12, 1985)

■ In the Matter of JOHN E. CASEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — The Committee on Professional Standards moves to confirm in part and disaffirm in part the report of the referee, which sustained three charges of professional misconduct against respondent and rejected two other charges. Respondent was admitted to the practice of law by this court on October 18, 1954. The charges of professional misconduct arise out of respondent's improper handling of three estates and failure to cooperate with the Committee's investigation into his conduct.

Charge I, sustained by the referee, accuses respondent of neglecting the estate of Marcella M. Riley in violation of the Code of Professional Responsibility, DR 6-101 (A) (3). The nine specifications thereunder allege that respondent: (1) failed to file a probate petition until almost one year after Riley's death; (2) failed to timely prepay estate taxes resulting in an assessment of penalties and interest and failed to file an estate tax

proceeding until ordered to do so; (3) failed to file a judicial settlement until ordered to do so on pain of contempt; (4) failed to file a final decree until directed to do so by letter from the Surrogate; (5) failed to timely pay certain estate creditors; (6) failed to timely distribute estate assets to an estate beneficiary; (7) failed to furnish a supplemental accounting to the attorney for an estate beneficiary; (8) failed to deposit AT&T dividend checks in a timely manner with the result that two checks were returned as uncollectable; and (9) was unable, nearly seven years after Riley's death, to determine the balance of estate funds due a beneficiary. We grant the Committee' motion to confirm the referee's report sustaining charge I because it is supported by a fair preponderance of the evidence. The delays herein, which were excessive, constitute neglect of the estate, even if they were not venal in nature but partially caused by respondent's misapprehension of the obligations and desires of an estate beneficiary.

Charge II accuses respondent of advancing himself attorney's fees from Riley estate funds without court approval in violation of the Code of Professional Responsibility, DR 1-102 (A) (5), which states that a lawyer shall not engage in conduct that is prejudicial to the administration of justice. The referee, although noting court approval for such advances is customary in Otsego County Surrogate's Court and correctly noting that such approval is required by SCPA 2111 when, as in the instant matter, the attorney is the sole fiduciary of the estate, nevertheless recommended dismissal of this charge, concluding that there was no prejudice to the administration of justice because the estate was not adversely affected monetarily and the Surrogate did not censure respondent for the advances. We grant the Committee's motion to disaffirm the referee's report dismissing charge II, and we sustain the charge. In our view, the improper advances which occurred here constitute prejudice to the administration of justice. The advances depleted estate funds insofar as the withdrawals exceeded the Surrogate's award of attorney's fees to respondent and appear to have necessitated that respondent deposit personal funds in the estate account to cover part of the payments due an estate beneficiary. Moreover, violation of a statute, such as SCPA 2111, which is designed to protect estate assets from depletion by attorneys and to regulate the conduct of attorneys who are estate fiduciaries, cannot be countenanced since attorneys are held to the strictest observance of fiduciary responsibility.

Charge III accuses respondent of neglecting the estate of Stanley S. Stocking. Three specifications thereunder allege that

respondent: (1) failed to deposit 17 mortgage checks he received on the estate's behalf; (2) failed to commence a foreclosure action for the estate; and (3) failed to timely conclude the estate and render a written accounting. The referee recommended dismissal of this charge because the failure to deposit the mortgage payments did not result in any significant monetary loss to the estate and was done with the awareness of the estate administrator; the attempt to resolve problems with the mortgage payments without resort to a formal foreclosure proceeding had produced good results; and respondent's efforts to settle a county claim against the estate were ultimately successful. We grant the Committee's motion to disaffirm the referee's report with respect to specifications Nos. 1 and 3 and deny the motion to disaffirm with respect to specification No. 2. As to specification No. 1, allowing mortgage checks to accumulate over a one and one-half year period in a law office file without depositing them in a bank, without adequate justification, is a failure to act competently and thus constitutes neglect (see, Code of Professional Responsibility, DR 6-101). Also, since an attorney is expected to exercise independent professional judgment on behalf of his client, the estate administrator's awareness that the checks were not being deposited does not absolve respondent of his fiduciary responsibility to handle estate funds with the highest degree of care. With respect to specification No. 3, we find the four- and one-half year period that elapsed readying this fairly simple estate for judicial settlement was inordinate and constituted neglect. However, we agree with the referee that respondent's decision not to institute formal foreclosure proceedings was reasonable under the circumstances.

Charge IV, sustained by the referee and factually uncontroverted by respondent, accuses respondent of neglecting the estate of Simon W. Acoutin by failing to prepare an estate tax return or to arrange for the prepayment of taxes. We grant the Committee's motion to confirm the referee's report sustaining this charge.

Charge V, setting forth four specifications, accuses respondent of failing to timely cooperate with the Committee in its investigation of inquiries with respect to the Riley and Acoutin estates and one other matter. The referee sustained this charge, the specifications of which are essentially admitted by respondent, and we grant the Committee's motion to confirm charge V.

The above-sustained charges demonstrate a disturbing pattern of neglect and incompetence on respondent's part. It invited the strong condemnation of the Surrogate and resulted in real harm to at least one estate beneficiary. Charge V also demonstrates respondent's failure to fulfill his obligation to cooperate

with the Committee. Furthermore, the instant charges of misconduct are not the first brought against respondent. Respondent has been previously censured by this court (*Matter of Casey,* 75 AD2d 664) and has received five letters of admonition from the Committee, the first dating back to 1975. All of these admonitions and the censure arose out of instances of neglect of client matters and failure to cooperate with the Committee. We do note that respondent does not appear to have violated professional ethics in a venal manner or for personal gain and seems to have had the best interests of his clients at heart. Nevertheless, because the purpose of a sanction in a disciplinary proceeding is to protect the public, to deter similar conduct, and to preserve the reputation of the Bar, and because withholding of full and forthright cooperation with the Committee must be judged a grave disservice to the public interest (*see, Matter of Malone,* 105 AD2d 455, 460; *Matter of Casey, supra*), respondent should be suspended from the practice of law for a period of one year for his misconduct.

Respondent suspended for a period of one year, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.