■ In the Matter of WILLIAM V. OVERMAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—By petition dated November 15, 1985, the Committee on Professional Standards charged respondent with three counts of professional misconduct, including (1) the conversion and commingling of funds belonging to a client resulting in his disbarment from the North Carolina State Bar in 1984; (2) failing to refund a portion of a client's fee as promised; and (3) failing to cooperate with the Committee in its investigation of two inquiries lodged against him by former clients. Respondent was admit-

ted to practice on motion in this Department in 1983 *(see, Matter of Overman,* 97 AD2d 557) and resides in the City of Binghamton. He was admitted to the North Carolina Bar in 1975.

The Committee now moves for a default judgment against respondent on the ground that he has failed to file an answer to the petition of charges. Respondent has also failed to appear in response to the motion for a default judgment. Respondent's failure to answer or appear is tantamount to an admission of the charges *(Matter of Kove,* 108 AD2d 986). Considering such admission, the proof submitted by the Committee of personal service upon respondent of the notice of petition and petition, and the notice for a default judgment with supporting papers, and the Committee's submission of an affidavit of counsel which appends various documents supporting and corroborating the charges contained in the petition, the motion for a default judgment is granted *(see, Matter of Cooper,* 42 AD2d 631). Thus, we find respondent guilty of the three charges of professional misconduct as alleged in the petition.

As to the question of sanction, several factors are relevant. First, the charges against respondent constitute serious misconduct. Second, this is the third time respondent will be subjected to professional discipline. In 1982, the North Carolina Bar authorities privately reprimanded him for conversion of client funds and, as previously noted, in 1984 he was disbarred in North Carolina for conversion and commingling of client funds and for failing to respond to inquiries about the matter. Third, by failing to cooperate with the Committee or with the North Carolina Bar authorities and by failing to answer the petition or appear on this default motion, respondent has evinced a disregard for his fate as an attorney. Finally, it must be noted that upon respondent's admission to the Bar of this State on motion in 1983, several members of the Committee on Character and Fitness and a Justice of this court expressed serious reservations as to his character and fitness to practice law *(see, Matter of Overman, supra).*

We conclude that in order to protect the public, to deter similar misconduct, and to preserve the reputation of the Bar, the appropriate sanction for respondent's professional misconduct is disbarment.

Motion for default judgment granted and respondent disbarred, effective immediately. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ. concur.