■ In the Matter of JOHN E. CASEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—The Committee on Professional Standards moves for a default judgment upon a second supplemental petition of charges filed against respondent, an attorney admitted to practice by this department in 1954. Respondent, who maintained a law office in Cooperstown, Otsego County, is charged with neglecting an estate, misleading the Surrogate with respect to the status of the estate, neglecting a personal injury matter, failing to honor an obligation to a client, failing to comply with an order of this court, and failing to cooperate with the Committee.

Respondent is currently subject to a one-year suspension from the practice of law, effective August 12, 1985, arising out of his improper handling of three estates and failure to cooperate with the Committee's investigation into his conduct *(Matter of Casey,* 111 AD2d 979). The one-year suspension was extended for three months, effective August 12, 1986, upon a supplemental petition charging respondent with a lengthy neglect of an estate and failure to cooperate with the Committee *(Matter of Casey,* 117 AD2d 851).

We grant the Committee's motion for a default judgment with respect to charges I through III and V and VI. Respondent failed to answer the second supplemental petition which was personally served upon him (although he has filed a statement in opposition to the default motion) and the Committee has filed adequate and uncontradicted proof by affidavit of the facts underlying these charges *(see, Matter of Cooper,* 42 AD2d 631; *Matter of Loughrey,* 37 AD2d 187).

We deny, however, the motion for a default motion with respect to charge IV which alleges respondent's failure to honor an obligation to a client, specifying his failure to make payment upon demand on a $50,000 promissory note two days after he signed it and his failure to make full payment upon a confession of judgment in connection with this obligation. It appears respondent has made efforts to repay this debt and a large portion of the debt has already been paid. Under these circumstances, we do not consider respondent's conduct in this particular regard to be prejudicial to the administration of justice in violation of the Code of Professional Responsibility, DR 1-102 (a) (5), as charge IV alleges.

We have considered several factors in determining the

appropriate discipline to be imposed upon respondent in this matter. First, the instant charges are the latest installment in a long history of neglect and failure to cooperate with Committee investigations on respondent's part. In addition to his current suspensions, we note a previous censure and five recorded letters of admonition dating back to 1975 *(see, Matter of Casey,* 111 AD2d 979, *supra; Matter of Casey,* 75 AD2d 664). In the June 1985 decision suspending respondent for a period of one year, we noted that the "charges demonstrate a disturbing pattern of neglect and incompetence on respondent's part" (111 AD2d 979, 981, *supra).* The instant charges confirm that conclusion. Second, respondent's neglect of the estate has caused interest to accumulate on a funeral bill and anxiety for at least one of the estate beneficiaries. On the other hand, the neglect has not been of extreme duration. Third, by neglecting the personal injury matter and not filing a timely complaint, respondent has deprived a client of his right to sue. The neglect of the estate and personal injury matters is mitigated somewhat by the lack of venal motives on respondent's part and his willingness to forego fees and attempt restitution. Fourth, by failing to comply with this court's rules concerning the conduct of suspended attorneys (specifically 22 NYCRR 806.9 [f]) and by failing to cooperate with the Committee, respondent is guilty of a serious disservice to the public interest *(see, Matter of Casey,* 75 AD2d 664, *supra).*

In order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we find that the term of respondent's current suspension should be extended for an additional nine months.

Motion for a default judgment granted with respect to charges I, II, III, V and VI and denied with respect to charge IV; respondent suspended for an additional period of nine months, effective November 12, 1986, and until further order of the court. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.