■ In the Matter of WAYNE A. JOHNSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court in 1985. He maintains an office for the practice of law in Owego, Tioga County.

Petitioner, the Committee on Professional Standards, by petition of charges and specifications dated March 18, 1992, accuses respondent of professional misconduct in that he neglected a criminal appeal, attempted to mislead and deceive an Assistant District Attorney as to the status of the criminal appeal, neglected to file a mortgage, and failed to cooperate with petitioner's investigations of his conduct.

Respondent has not answered or otherwise appeared on the petition. Petitioner now moves for a default judgment. Respondent has also failed to answer or appear on the motion.

Respondent's failure to answer or appear is tantamount to an admission of the charges. Notwithstanding, we have previously indicated that a default judgment in a disciplinary proceeding should be granted only when the requirements for entry of a default judgment in a civil action or proceeding have been met, i.e., when petitioner has filed proof of service of the petition and notice of petition and proof by affidavit of the facts constituting the alleged misconduct *(see, e.g., Matter of Grey,* 122 AD2d 626). Here, petitioner has filed the necessary proof and we therefore grant its motion.

We find respondent guilty of very serious professional misconduct as charged and specified in the petition. He neglected a client's criminal appeal for more than two years and the client was eventually forced to retain new counsel to perfect the appeal. Because of respondent's neglect, the client's stay of execution of his sentence and release on bail pending appeal (CPL 460.50) eventually expired and he was forced to return to jail before his appeal was heard. Also, in an attempt to deceive a Broome County Assistant District Attorney and

forestall revocation of his client's bail order, respondent sent the District Attorney's office a copy of a letter purportedly sent to this court enclosing a brief and appendix; the original letter was never sent to this court by respondent nor was the brief and appendix ever filed by respondent. In mitigation, at an examination under oath before petitioner in September 1991, respondent merely claimed he had refunded the client's retainer in full.

Respondent also failed to file a second mortgage on property in Endicott in Broome County which resulted in the subordination of the mortgagee's interest to two subsequent mortgages. Respondent inadvisedly relied on the promise of his clients, the mortgagors, to file the second mortgage. One of the subsequent mortgagees has instituted foreclosure proceedings against the property and the second mortgagee has sued respondent for damages claiming the market value of the property is less than the total amount of the loans secured by the four mortgages. It appears that respondent's clients may have engaged in a fraudulent scheme to over-mortgage the property. However, respondent is not charged with knowledge of or participation in the scheme.

Lastly, respondent has failed to cooperate with petitioner's investigations of the mortgage and criminal appeal matters. He furnished substantive replies to petitioner's repeated inquiries only when he appeared before petitioner pursuant to subpoena for an examination under oath. This lack of cooperation coupled with his failure to answer the petition or appear on the default motion indicate a total disregard for his fate as an attorney.

At the examination before petitioner in September 1991, respondent did note various personal problems in mitigation of his misconduct including hospitalizations, the birth of a handicapped daughter, and other family problems. He also cited the press of work. Respondent has enjoyed an unblemished disciplinary record until now.

In view of the above, and in order to protect the public, deter similar misconduct, and preserve the reputation of the bar, we conclude that respondent should be suspended from the practice of law for a period of two years.

Yesawich Jr., J. P., Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that petitioner's motion for a default judgment be and hereby is granted; and it is further ordered, that Wayne A. Johnson be and hereby is suspended from practice as an attorney and counselor at law in the State of

New York for a period of two years, effective immediately, and until further order of this court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) of this court's rules (22 NYCRR) governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this court regulating the conduct of disbarred, suspended or resigned attorneys.