(September 23, 1992)

■ In the Matter of WAYNE A. JOHNSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. On June 18, 1992, this Court granted a motion for a default judgment by petitioner, the Committee on Professional Standards, found respondent guilty of the professional misconduct charged and specified in the petition, and suspended respondent from the practice of law for a period of two years

(*Matter of Johnson*, 184 AD2d 968). The following day, respondent obtained an order to show cause from a Justice of this Court staying his suspension pending the hearing and determination of a motion to vacate his default. On June 30, 1992, we granted respondent's motion to the extent that he was permitted to file a statement or affidavit in mitigation of his professional misconduct and such character affidavits or other written proof in mitigation as he might deem appropriate; we also continued the stay of respondent's suspension pending further order of the Court. Respondent filed papers in mitigation and appeared before the Court on September 10, 1992.

Respondent's submissions in mitigation and oral presentation add the following mix of factors to our determination of an appropriate disciplinary sanction in addition to the factors noted in our prior decision: evidence of respondent's good reputation as an attorney in his community; evidence of remorse for his misconduct; evidence that a suspension would have a substantial financial impact on respondent and his family; evidence that no venal motives underlay his misconduct; and evidence that he is very concerned about his fate as an attorney.

Although we have carefully considered the various mitigating factors presented by respondent, we adhere to the finding contained in our prior decision that respondent's misconduct, consisting, *inter alia,* of substantial neglect of a criminal appeal and attempting to mislead and deceive an Assistant District Attorney, is very serious. We therefore conclude that a period of suspension remains warranted. However, we further determine that the two-year period of suspension initially imposed should, under the circumstances, be reduced to nine months.

Yesawich Jr., J. P., Levine, Mercure, Crew and Harvey, JJ., concur. Ordered that the order of this Court entered June 18, 1992 is modified by reducing the term of respondent's suspension to nine months; and it is further ordered that Wayne A. Johnson be and hereby is suspended from practice as an attorney and counselor at law in the State of New York for a period of nine months, effective October 23, 1992, and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) of this Court's rules (22 NYCRR 806.12 [b]) governing the conduct of attorneys, and that he has

otherwise properly conducted himself during the period of his suspension; and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.