(December 30, 1992)

■ In the Matter of WAYNE A. JOHNSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was suspended from practice by this Court for a period of nine months, effective October 24, 1992 *(Matter of Johnson,* 186 AD2d 310).

A supplemental petition was served upon respondent on August 19, 1992, charging him with neglect of three criminal appeals and three matrimonial matters and with failure to cooperate with petitioner.

On October 28, 1992, we granted petitioner's motion for an order pursuant to section 806.5 of the Rules of this Court (22 NYCRR 806.5) declaring that no factual issues were raised by the petition and respondent's answer.

Based upon the pleadings and upon respondent's admissions at a July 8, 1992 examination of respondent under oath, as

well as petitioner's supporting evidence, we find respondent guilty of the professional misconduct charged and specified in the supplemental petition. Respondent neglected to perfect the *Santiago* criminal appeal from the time of his retainer in November 1990 through the July 1992 hearing. Respondent neglected to perfect the *Pacer* and *Pickett* criminal appeals from the time of his assignments by this Court in March and July 1990, respectively, for over two years, despite repeated communications from this Court about the assignments and assurances from respondent that he would complete the appeals. He also failed to comply with the terms of a March 10, 1992 order of this Court directing him to complete the *Pacer* appeal. Respondent neglected to proceed in the *Rigo* matrimonial matter from December 1991 when he received a letter from the opposing attorney until he was subpoenaed by petitioner in June 1992. He neglected to complete the *Camp* divorce matter for which he was retained in July 1991 and discharged by letter dated January 27, 1992. Respondent neglected the *Wilkinson* matrimonial matter almost completely after he accepted a $1,000 retainer in August 1990 until the matter was called to his attention by petitioner in December 1991. Finally, respondent failed to promptly cooperate with petitioner's investigation in the *Santiago* and *Rigo* matters. Indeed, only the threat of actual service of a subpoena elicited the requested responses.

When the above instances of professional misconduct are combined with those described in our decision leading to respondent's current suspension *(Matter of Johnson,* 184 AD2d 968) it is clear that over the past few years respondent has seriously neglected matters entrusted to him by his clients and failed to show due respect to the authority and procedures of petitioner and the court.

In order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we find that the term of respondent's current suspension should be extended for an additional three months *(see, e.g., Matter of Straney,* 186 AD2d 315; *Matter of Casey,* 121 AD2d 843).

Yesawich Jr., J. P., Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered, that the term of respondent's current suspension, as imposed by order of this Court entered September 23, 1992, as amended by order entered October 13, 1992, be extended for an additional three months, and until further order of this Court, with leave to apply for reinstatement upon the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from

practicing or attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 ([b]) of this Court's Rules [22 NYCRR 806.12] governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.