■ In the Matter of WAYNE A. JOHNSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [601 NYS2d 361] —Per Curiam. Respondent is currently serving a 12-month suspension from practice, effective October 24, 1992 (see, Matter of Johnson, 188 AD2d 924).

Petitioner, the Committee on Professional Standards, moves to strike respondent's name from the roll of attorneys on account of his recent conviction of multiple felonies. Respondent has not replied to the motion.

Respondent entered a plea of guilty in Tioga County Court on June 25, 1993, to a superior court information charging him with nine counts of forgery in the second degree, in violation of Penal Law § 170.10 (1), a class D felony; six counts of grand larceny in the third degree, in violation of Penal Law § 155.35, a class D felony; one count of grand larceny in the

fourth degree, in violation of Penal Law § 155.30, a class E felony; and two counts of petit larceny in violation of Penal Law § 155.25, a class A misdemeanor. The total alleged thefts amounted to $32,345.75. During the plea allocution, respondent admitted to, without authority, drawing checks payable to himself on an estate by forging the executor's name to the checks and then depositing the checks in his own account. He also admitted to forging court orders on an estate for reimbursement of attorneys fees and submitting the orders to a bank. It appears that respondent was sentenced to two to six years in prison on or about August 6, 1993.

An attorney convicted of a felony classified as such under the laws of this State is automatically disbarred (Judiciary Law § 90 [4] [a]).

We therefore grant respondent's motion, disbar respondent, and strike his name from the roll of attorneys.

Weiss, P. J., Yesawich Jr., Crew III, Mahoney and Casey, JJ., concur. Ordered that, respondent, Wayne A. Johnson, who was admitted as an attorney and counselor-at-law by this Court on January 30, 1985, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the Rules of this Court [22 NYCRR 806.9] regulating the conduct of disbarred, suspended or resigned attorneys.