In the Matter of MARTIN KENT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 24, 1992

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains, for petitioner.

*Martin Kent,* White Plains, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained both charges. The petitioner now moves to confirm the report of the Special Referee. The respondent has submitted an affidavit concurring in the findings of the Special Referee and requesting that his suspension from the practice of law since August 7, 1989, be deemed sufficient sanction for his misconduct.

Charge One alleged that the respondent failed to keep his registration with the Office of Court Administration current, as required by Judiciary Law § 468-a and 22 NYCRR 118.1.

Charge Two alleged that the respondent failed to cooperate with the Grievance Committee in its legitimate investigation of a complaint of professional misconduct against him.

The respondent was notified of his failure to reregister with the Office of Court Administration by letter dated October 17, 1988. He was asked to notify Mary Ellen Horan of the petitioner's staff, in writing, of his explanation for failing to reregister within 10 days of his receipt of said letter. No response was forthcoming.

Ms. Horan spoke with Mr. Kent on or about November 22, 1988, and a copy of the aforesaid letter was resubmitted to him. Again, the respondent did not respond to the letter.

The respondent failed to submit an answer, within 10 days, regarding his failure to reregister with the Office of Court Administration since 1985 when requested to do so by letter of complaint sent by the Grievance Committee by ordinary mail, dated January 10, 1989. The second request for an answer was sent via certified mail, dated February 1, 1989. This letter, which required an answer within three days and which was received on February 7, 1989, also went unanswered by the respondent.

By letter dated March 16, 1989, the respondent was again notified of the Grievance Committee's letters dated January 10, 1989, and February 1, 1989, respectively, and of the Grievance Committee's failure to receive a response from him. That letter also went unanswered.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the two counts of professional misconduct against the respondent. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating factors advanced by the respondent, including his physical and emotional illness at the time of the underlying acts, his cooperation with the Grievance Committee at the hearing stage, and the opinions of the petitioner's expert and the respondent's treating psychiatrist that the respondent's past behavior is extremely unlikely to reoccur. Accordingly, the decision and order of August 7, 1989, suspending the respondent on an interim basis is vacated, the respondent is reinstated to the practice of law, and the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the decision and order dated August 7, 1989, suspending the respondent from the practice of law on an interim basis is vacated and the respondent is reinstated; and it is further,

Ordered that the respondent, Martin Kent, is hereby censured for his professional misconduct.