In the Matter of HARVEY SORID, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 12, 1993

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition in this proceeding originally contained 10 allegations of professional misconduct, but Charge Five was withdrawn prior to the commencement of the disciplinary proceeding. The Special Referee sustained the remaining nine charges. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to confirm in part and to disaffirm in part the report of the Special Referee.

Charge One alleges that the respondent neglected a legal matter entrusted to him and failed to maintain adequate communication with a client. On or about June 20, 1980, the respondent was retained by a client to institute a medical malpractice claim against the Veteran's Administration. The respondent failed to adequately communicate with his client for over six years. Only after the client filed a complaint with the Grievance Committee, on July 16, 1986, did the respondent pursue the matter. In committing these acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1) and (7) (formerly DR 1-102 [A] [6]) and DR 6-101 (A) (1) and (3) (22 NYCRR 1200.3 [a] [1], [7]; 1200.30 [a] [1], [3]).

Charge Two alleges that the respondent neglected a legal matter entrusted to him. On or about August 10, 1983, the respondent was retained by a client to continue a personal injury action. The client had previously been represented by another attorney. The respondent received the settlement proceeds by check dated December 22, 1987, but failed to tender to his client his share of the settlement proceeds until March 1988. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3) and DR 9-102 (C) (1) and (4) (22 NYCRR 1200.30 [a] [3]; 1200.46 [c] [1], [4]).

Charge Three alleges that the respondent submitted to the Grievance Committee for the Second and Eleventh Judicial Districts a deliberately false and misleading document. On July 29, 1987, a complaint was filed with the Grievance Committee, alleging professional misconduct by the respondent. The respondent submitted to the Committee a closing statement in a personal injury action, purportedly filed by the respondent with the Office of Court Administration, bearing the date August 26, 1987. In fact, the respondent did not receive the settlement check in the personal injury action until on or about December 22, 1987. In committing the

aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1), (4) and (7) (formerly DR 1-102 [A] [6]) (22 NYCRR 1200.3 [a] [1], [4], [7]).

Charge Four alleges that the respondent neglected a legal matter entrusted to him. In or about June 1986 the respondent was retained to settle an estate. Thereafter, a former employee removed the respondent's case file pertaining to this matter. The respondent neglected the estate by failing to retrieve the file from the former employee. As of September 1990 the respondent had yet to probate the estate. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3).

Charge Six alleges that the respondent neglected a legal matter entrusted to him, failed to maintain adequate communication with a client, and improperly withdrew from a matter. On or about February 25, 1982, the respondent was retained to institute a medical malpractice claim. The respondent neglected the cause of action. The respondent subsequently withdrew as counsel, without his client's consent or knowledge. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1) and (7) (formerly DR 1-102 [A] [6]), DR 2-110 (A) (22 NYCRR 1200.15 [a]) and DR 6-101 (A) (3).

Charge Seven alleges that the respondent neglected a legal matter entrusted to him and failed to maintain adequate communication with a client. In or about 1983 the respondent was retained to pursue medical malpractice claims on behalf of two clients. The respondent neglected the matter by failing to submit required documents to the court in a timely manner. By committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1) and (7) (formerly DR 1-102 [A] [6]) and DR 6-101 (A) (3).

Charge Eight alleges that the respondent neglected a legal matter entrusted to him. On or about December 26, 1984, the respondent was retained to dissolve a partnership in which his client possessed a 25% interest. The respondent neglected the matter by failing to take any action during the years 1984, 1985, and 1986. In or about March 1987 the respondent had served upon the defendant a summons and complaint. After the defendant failed to file an answer to the complaint, the respondent failed to seek a default judgment against the defendant. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1) and (7) (formerly DR 1-102 [A] [6]) and DR 6-101 (A) (3).

Charge Nine alleges that the respondent neglected a legal matter entrusted to him. In or about May 1988 the respondent was retained to institute suit for the nonpayment of a mortgage and to clear a forged satisfaction of mortgage which had been recorded. The respondent accepted $1,000 as an advance upon the respondent's fee for legal services to be rendered. The respondent neglected the matter by failing to prosecute it for approximately three years. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1) and (7) (formerly DR 1-102 [A] [6]), and DR 6-101 (A) (3).

Charge Ten alleges that the respondent failed to cooperate with the petitioner in that he failed to comply with the lawful demands of the Grievance Committee in connection with the Committee's investigation of numerous pending complaints against him. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (7) (formerly DR 1-102 [A] [6]) (22 NYCRR 1200.3 [a] [5], [7]).

After reviewing the evidence, we find that the Special Referee properly sustained the nine charges of misconduct. Accordingly, the petitioner's motion to confirm is granted. The respondent's cross motion to confirm in part and to disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied.

In determining an appropriate measure of discipline, we have considered the facts in mitigation advanced by the respondent, including his lack of prior discipline. Nevertheless, it is the decision of this Court that the respondent is guilty of serious professional misconduct and accordingly, the respondent is suspended from the practice of law for a period of three years, effective immediately, and continuing until the further order of this Court.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to confirm in part and to disaffirm in part the report of the Special Referee is granted to the extent that the Special Referee's report is confirmed and is otherwise denied; and it is further,

Ordered that the respondent, Harvey Sorid, is suspended

from the practice of law for a period of three years, effective immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period of three years, should he be so advised, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Harvey Sorid is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.