[22 NYCRR 806.9] regulating the conduct of disbarred, suspended or resigned attorneys.

■ In the Matter of PAUL H. KARWELL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [599 NYS2d 135] —Per Curiam. Respondent is a New Jersey attorney admitted to practice in New York by this Court in 1983.

Petitioner, the Committee on Professional Standards, moves for an order imposing reciprocal discipline upon respondent pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19) by reason of his recent suspension from the practice of law in New Jersey.

It appears from petitioner's papers that by order dated March 9, 1993, the New Jersey Supreme Court suspended respondent from practice for a period of three months, effective April 12, 1993, for conduct adversely reflecting on his fitness to practice law. In April 1991, a routine security check at the Hunterdon County Court House in New Jersey disclosed on respondent's person small amounts of narcotics, along with items of drug paraphernalia. A further search of respondent's person, clothing, and automobile disclosed small quantities of cocaine and marijuana. He was arrested the next day and eventually indicted on one count of possession of a controlled dangerous substance. On November 6, 1991, respondent was admitted into the Hunterdon County pretrial intervention program, subject to a plan of counseling and supervision. Respondent admitted to the possession of .08 grams of marijuana, .13 grams of cocaine, and the drug paraphernalia. In determining an appropriate disciplinary sanction, the New Jersey Supreme Court considered a number of mitigating factors, including respondent's community service, good reputation, voluntary entry into a treatment program just three days after his arrest, an otherwise unblemished legal career spanning 20 years, and no indication that the drugs were other than for personal use. Also, respondent is an alcoholic, who after 15 years of abstinence, appears to have slipped into a substance abuse situation.

In view of respondent's suspension in New Jersey and his failure to appear upon or oppose the instant application, petitioner's motion is granted. It is further determined that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey. *(See, e.g., Matter of Sneed,* 175 AD2d 310; *Matter of Weiss,* 164 AD2d 959.)* Respondent should be suspended for a

period of three months, effective immediately, with reinstatement conditioned upon furnishing satisfactory proof that he has been reinstated as a member of the State Bar of New Jersey and has otherwise complied with the provisions of section 806.12 of the rules of this Court (22 NYCRR 806.12).

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Mahoney, JJ., concur. Ordered that pursuant to Judiciary Law § 90 (4) (f) and (g) respondent is hereby suspended from the practice of law for a period of three months, effective immediately; and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof he has been reinstated as a member of the State Bar of New Jersey; that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) of this Court's rules [22 NYCRR 806.12 (b)] governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this Court [22 NYCRR 806.9] regulating the conduct of disbarred, suspended or resigned attorneys.