■ In the Matter of AUDREY S. WALTERS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [611 NYS2d 708] —Per Curiam. Respondent was admitted to practice by this Court in 1989 and resides in Hudson, Columbia County.

By petition dated February 18, 1994, the Committee on Professional Standards charges respondent with failure to cooperate with petitioner, failure to comply with a court order, and failure to file an attorney registration statement and pay the required registration fee.

Respondent has not answered the petition or appeared upon petitioner's subsequent default judgment motion. Petitioner has filed proof of personal service of both the petition and the motion upon respondent as well as proof by affidavit of the facts constituting the alleged misconduct. Under such circumstances, we grant the motion and respondent is deemed to have admitted the charges as specified (see, Matter of Schlesinger, 201 AD2d 751).

Charge I accuses respondent of violating the Code of Professional Responsibility DR 1-102 (A) (5) and (8) by failing to cooperate with petitioner in its investigation of an inquiry filed against her. DR 1-102 (A) (5) prohibits attorneys from engaging in conduct that is prejudicial to the administration of justice. DR 1-102 (A) (8) prohibits attorneys from engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law. The specifications detail her failure to reimburse petitioner for stenographic costs amounting to $266.50 incurred because of her subpoenaed appearance for an examination under oath before petitioner, despite a reimbursement obligation imposed upon her by this Court's rules (22 NYCRR 806.4 [e]). Petitioner has attempted to recoup the moneys since April 1993 through letters to respondent and a motion to suspend her for nonpayment. Although the motion was denied, the order of this Court entered on October 28, 1993, directed respondent to reimburse petitioner within 20 days. Most of the letters went unanswered and she did not respond to the motion or comply with the reimbursement order. On two occasions, respondent has replied to communications by making promises to pay which have gone unfulfilled. Additional specifications under charge I detail respon-

dent's lack of response to letters from petitioner inquiring about her failure to file an attorney registration statement or to pay the registration fee, as required by statute (Judiciary Law § 468-a) and by section 118.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR 118.1). These undisputed allegations sustain the charge *(see, e.g., Matter of Sorid,* 189 AD2d 377, 380; *Matter of Casey,* 75 AD2d 664).

Charge II accuses respondent of violating DR 1-102 (A) (5) and (8) by failing to pay the stenographic costs within 20 days of service upon her of the October 28, 1993 order which directed such payment. The noncompliance sustains the charge *(see, Matter of Capoccia,* 144 AD2d 231, 233; *Matter of Cohen,* 139 AD2d 221).

Charge III accuses respondent of violating DR 1-102 (A) (5) and (8) by failing to file an attorney registration statement and by failing to pay the registration fee. The failures sustain the charge *(see,* Judiciary Law § 468-a [5]; *Matter of Agrillo,* 194 AD2d 16, 18).

Respondent is guilty of serious professional misconduct. She has evinced a disregard for her fate and responsibilities as an attorney and an unacceptable disrespect for petitioner's authority and the orders issued by this Court. In view of such misconduct, and in order to deter similar misconduct and to preserve the reputation of the Bar, we conclude that respondent should be disbarred *(see, e.g., Matter of Larson,* 177 AD2d 852).

Cardona, P. J., Mercure, Crew III, Weiss and Peters, JJ., concur. Ordered that, petitioner's motion for a default judgment be, and hereby is granted, and it is further ordered that, respondent, Audrey S. Walters, be and hereby is disbarred and her name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and she hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.