(July 12, 1994)

■ In the Matter of AUDREY S. WALTERS, an Attorney and Counselor-at-Law, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [614 NYS2d 81] —Per Curiam. Respondent, admitted to practice in 1989, was recently disbarred by this Court upon her failure to answer the petition of charges or appear upon petitioner's subsequent default motion *(Matter of Walters,* 204 AD2d 799). She now moves to vacate her default or, in the alternative, to have the Court consider mitigating circumstances.

Respondent's misconduct consisted of, *inter alia,* failure to file an attorney registration statement, failure to comply with a court order, and failure to cooperate with petitioner in its investigation *(see, Matter of Walters, supra).* In explanation and mitigation of her misconduct, respondent now points to several personal circumstances which occurred during the relevant time period, including problems with her former law firm, family problems, and a potentially serious medical condition. Respondent also notes that she has engaged in substantial pro bono law guardian and assigned counsel work. In addition, she submits several laudatory character affidavits and letters from fellow Columbia County attorneys and others.

In view of the mitigating circumstances now presented, which offer some explanation for but do not excuse respondent's professional misconduct, we grant her motion to the extent of considering such circumstances and reducing the sanction previously imposed from disbarment to a six-month suspension. Respondent's reinstatement to practice will be conditioned upon her submission of medical opinion that she has the mental and emotional capacity to resume the practice of law and upon her payment of the stenographic fees and all attorney registration fees due and owing *(see, e.g., Matter of Farley,* 205 AD2d 874; *Matter of Kent,* 182 AD2d 157; *Matter of Relyea,* 175 AD2d 949).

Cardone, P. J., Mercure, Crew III, Weiss, and Peters, JJ., concur. Ordered that respondent's motion is granted to the extent of considering the mitigationg circumstances presented and reducing the prior sanction imposed from disbarment to a six-month suspension effective, *nunc pro tunc,* as of May 11, 1994; and it is further ordered that respondent's reinstatement to practice be and hereby is conditioned upon her submission of medical opinion that she has the mental and emotional capacity to resume the practice of law and upon her

payment of the stenographic fees and all attorney registration fees due and owing; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and she hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.