(October 31, 1995)

■ In the Matter of JOHN J. MAHONEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [632 NYS2d 987] —Per Curiam. Respondent was admitted to practice by this Court in 1983. He was previously admitted in New Jersey in 1981, where he has maintained his law office.

By order of the Supreme Court of New Jersey dated July 12, 1995, respondent was suspended from practice for a period of three months, effective August 7, 1995. The order further directed that, upon reinstatement, respondent practice under the supervision of an attorney approved by the New Jersey Office of Attorney Ethics for a period of one year.

Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent pursuant to section 806.19 (22 NYCRR 806.19) of this Court's Rules and for an order directing respondent to register as an attorney and pay his registration fee in compliance with Judiciary Law § 468-a. Respondent has not replied to the motion.

The order of the New Jersey Supreme Court was based upon the report and recommendations of its Disciplinary Review Board. The board found that respondent acted as settlement agent in 1992 in three real estate transactions, depositing settlement proceeds in his trust account and disbursing funds according to forms prepared for each settlement. A June 1993 audit of respondent's books and records by the Office of Attorney Ethics showed a number of trust checks outstanding and further review revealed that respondent did not maintain proper trust account records. There were no allegations or findings of misappropriation by respondent in connection with these real estate matters. The board found respondent had engaged in a pattern of neglect, was guilty of a lack of diligence, and failed to maintain proper trust account records. In another matter, in which respondent represented a client in a personal injury matter arising from an automobile accident, respondent failed to maintain proper communications with the executrix of the client's estate and the estate's attorney (the client had died of causes not relating to the accident about a

year thereafter). The complaint was dismissed for lack of prosecution and respondent did not inform the estate or take steps to reinstate the complaint.

Respondent does not enjoy an unblemished disciplinary record. By decision dated October 30, 1990, this Court reciprocally censured respondent after he was publicly reprimanded in New Jersey on account of professional misconduct similar to that leading to his present suspension (*Matter of Mahoney*, 166 AD2d 869).

In view of respondent's suspension in New Jersey and his failure to appear upon or oppose the instant application, we grant petitioner's motion. It is further determined that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey (*see, e.g.*, *Matter of Karwell*, 194 AD2d 862; *Matter of Mahoney*, *supra*). We therefore suspend respondent from the practice of law for a period of three months and also direct him to comply with New York's attorney registration requirements.

Mercure, J. P., Crew III, White, Casey and Spain, JJ., concur. Ordered that petitioner's motion be and hereby is granted; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of three months, effective immediately; and it is further ordered that respondent be and hereby is directed to comply with the attorney registration and fee requirements set forth in Judiciary Law § 468-a and in part 118 of the Rules of the Chief Administrator of the Courts (22 NYCRR part 118); and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.