■ In the Matter of AUDREY S. WALTERS, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [633 NYS2d 621] —Per Curiam. Respondent, admitted to practice by this Court in 1989, was suspended for a period of six months, effective May 11, 1994 (Matter of Walters, 206 AD2d 590). Her suspension was later extended until she complied with an October 1994 subpoena and until further order of this Court (Matter of Walters, 211 AD2d 971). She has not complied with the subpoena or applied for reinstatement.

By petition dated April 28, 1995, petitioner Committee on Professional Standards charged respondent with additional

counts of professional misconduct. Respondent did not timely answer the petition and petitioner duly moved for a default judgment. After the motion's return date had passed, respondent submitted an answer to the petition. Respondent has not replied to the motion. We grant the motion, find respondent guilty of the charges of misconduct set forth in the petition, and consider her answer to the petition as a statement in mitigation only (*see, e.g., Matter of Walters*, 206 AD2d 590, *supra*; *Matter of Larson*, 177 AD2d 852).

Respondent appears unwilling or unable to meet her professional obligations to her clients, to petitioner, and to this Court. She has neglected several divorce and estate matters to the detriment of her clients, has failed to refund the unused portion of the retainer paid her by at least one of her divorce clients, has failed to maintain proper communications with her clients and with an Assistant Attorney-General involved with one of the estate matters, misled at least one of her divorce clients as to the status of her divorce, and failed to cooperate with petitioner's investigation. She has repeatedly ignored this Court and petitioner in the course of the disciplinary process. A default disbarment entered against her (*Matter of Walters*, 204 AD2d 799) was later changed to a six-month suspension upon her belated showing of mitigating circumstances (*Matter of Walters*, 206 AD2d 590, *supra*); the underlying charges in that proceeding accused respondent of failure to cooperate with petitioner, failure to comply with a court order directing her to pay certain stenographic costs, and failure to comply with the attorney registration requirements.

In view of the above, we conclude that respondent's six-month suspension should be extended for a period of two years, nunc pro tunc to November 11, 1994, in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar. The conditions upon her reinstatement are continued.

Cardona, P. J., Mikoll, Mercure, Crew III and Spain, JJ., concur. Ordered that petitioner's motion for a default judgment be and hereby is granted; and it is further ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent be and hereby is suspended for a period of two years, nunc pro tunc to November 11, 1994; and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and she hereby is forbidden to

appear as an attorney or counsellor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended, or resigned attorneys.