(November 13, 1996)

■ In the Matter of MARTIN A. GENDEL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [649 NYS2d 745] —Per Curiam. Respondent was admitted to practice by this Court in 1989. He was previously admitted in New Jersey in 1972, where he has maintained an office for the practice of law.

By order of the Supreme Court of New Jersey dated July 10, 1996, respondent was suspended from practice in that jurisdiction for a period of three months, effective August 5, 1996.

Petitioner, Committee on Professional Standards, moves to reciprocally discipline respondent pursuant to this Court's rules (22 NYCRR 806.19) and for an order directing respondent to comply with the attorney registration requirements (see, Judiciary Law § 468-a). Respondent does not contest the relief sought by petitioner.

It appears from the papers submitted by petitioner in support of its motion that respondent violated a number of ethical rules during his representation of one Cleo Trapp and her husband. Although retained to file a bankruptcy petition on their behalf, he neglected to file the petition and misled them as to the status of the matter. He also engaged in an improper conflict of interest when he represented both the buyers and the sellers at a closing at which the Trapps were selling a rental property. He then failed to promptly forward to the Trapps certain escrow moneys due them. He also made a false and misleading statement on a closing form. Respondent neglected to commence an action against a mortgage company, though he accepted a $1,000 retainer from the Trapps to do so. Finally, respondent failed to reply to investigatory letters from the New Jersey disciplinary authorities.

In view of respondent's suspension in New Jersey and his lack of opposition to the relief sought by petitioner, we grant petitioner's motion. It is further determined that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey (see, e.g., Matter of Mahoney, 220 AD2d 980). We therefore suspend respondent from the practice of law for a period of three months and also direct him to comply with New York's attorney registration requirements.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that petitioner's motion be and hereby is granted; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of three months,

effective immediately; and it is further ordered that respondent be and hereby is directed to comply with the attorney registration and fee requirements set forth in Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (22 NYCRR part 118); and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys, a copy of which is attached to this order; and it is further ordered, that respondent may apply for reinstatement after expiration of the suspension period upon furnishing satisfactory proof that he has complied fully with the order of suspension and with section 806.12 (b) (22 NYCRR 806.12 [b]) of the rules of this Court, and that he has otherwise properly conducted himself during the suspension period.