■ In the Matter of JOANNE E. ROBINSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [692 NYS2d 492] —Per Curiam. Respondent was admitted to practice by this Court in 1984. She maintained a law office in New Jersey, where she was also admitted to practice in 1984.

Effective April 12, 1999, the Supreme Court of New Jersey suspended respondent from practice for a period of three months for professional misconduct including neglect of a client matter, failure to communicate with the client, failure to provide the client with a written basis for her fee, and failure to cooperate with investigation of the client's complaint by the New Jersey disciplinary authorities. Respondent also practiced law despite a 1997 order of the Supreme Court declaring her ineligible to practice because of her failure to pay her 1997 an-

nual assessment to the New Jersey Lawyers' Fund for Client Protection. Finally, an audit disclosed various recordkeeping deficiencies. The Supreme Court ordered respondent to refund the client $800 in legal fees prior to any application for reinstatement and directed respondent, upon reinstatement, to submit annual audits of her books and records, for a period of at least two years, to the New Jersey Office of Attorney Ethics.

Petitioner, the Committee on Professional Standards, moves for an order imposing reciprocal discipline upon respondent (*see*, 22 NYCRR 806.19). Respondent has not replied to or otherwise appeared in response to the motion. Under the circumstances presented, we grant the motion and further determine that the ends of justice will be served by imposing upon respondent the same discipline as was imposed in New Jersey, *i.e.*, a suspension of three months (*see, e.g., Matter of Gendel*, 233 AD2d 613; *Matter of Karwell*, 194 AD2d 862).

Mercure, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of three months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and she is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys.