◼ In the Matter of Kevin P. Wheatley, a Disbarred Attorney, Respondent. Committee on Professional Standards, Petitioner. [758 NYS2d 434] —Per Curiam. Respondent was admitted to practice by this Court in 1998 and practiced law in Albany County.

By decision dated September 25, 2002, this Court disbarred respondent for serious professional misconduct set forth in a petition of charges (*Matter of Wheatley*, 297 AD2d 872 [2002]).

Respondent did not answer or otherwise appear in response to the petition or the subsequent motion for a default judgment by petitioner. Thereafter, respondent moved for an order vacating our disbarment decision and permitting him to answer and defend the charges. At oral argument on the motion, respondent admitted professional misconduct as charged in the petition and chose solely to address the issue of mitigation. By decision dated March 7, 2003, we granted respondent's motion only to the extent of permitting him to submit additional papers in mitigation.

In mitigation, respondent sets forth personal and employment stresses during the period in question. We take this opportunity to reiterate that such stresses do not excuse professional misconduct although they may be considered in mitigation of its consequences (*see e.g. Matter of Sexton*, 231 AD2d 832 [1996]). Respondent also expresses remorse and emphasizes his prior good reputation, his lack of any venal motive and his concern for his fate as an attorney.

In view of the mitigating circumstances now presented, we further grant respondent's motion to the extent of reducing the sanction previously imposed from disbarment to a two-year suspension. Upon any application for reinstatement, respondent shall, in addition to making the showing required by this Court's reinstatement rule (*see* 22 NYCRR 806.12), submit medical opinion that he has the psychological capacity to resume the practice of law (*see e.g. Matter of Walters*, 206 AD2d 590 [1994]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that respondent's motion is further granted to the extent of reducing the prior sanction imposed from disbarment to a two-year suspension, effective as of September 25, 2002; and it is further ordered that respondent is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; he is forbidden to appear as attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).