(February 17, 2004)

■ In the Matter of JOSEPH A. MAFFONGELLI, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [771 NYS2d 730]—

Per Curiam. Respondent was admitted to practice by this Court in 1981. He maintained an office for the practice of law in New Jersey, where he was admitted to practice in 1969.

The Supreme Court of New Jersey suspended respondent from practice for a period of one year, effective August 1, 2003. That court's order conditioned respondent's reinstatement upon submission of proof that he is physically and mentally fit to practice law, and required his practice of law after reinstatement to be under the supervision of a practicing attorney. The court based its order on the conclusion of its Disciplinary Review Board that respondent was guilty of gross neglect, lack of diligence, failure to keep a client reasonably informed about a mat-

ter, failure to explain a matter to the extent necessary to permit the client to make an informed decision, deficient fee agreement, failure to expedite litigation and to treat with courtesy and consideration all persons involved in the legal process, failure to disclose to a tribunal a material fact with knowledge that the tribunal may be misled, knowingly disobeying an obligation under the rules of a tribunal, conduct involving dishonesty, fraud, deceit or misrepresentation, and conduct prejudicial to the administration of justice.

Petitioner moves for an order imposing reciprocal discipline on respondent (*see* 22 NYCRR 806.19). Respondent has filed an affidavit in opposition.

Our examination of the record before us, including the exhaustive opinion of the Special Master who held the hearing in New Jersey and the detailed and thorough subsequent decision of the Disciplinary Review Board, does not disclose any of the defenses to reciprocal discipline set forth in this Court's rules (*see* 22 NYCRR 806.19 [d]). We further conclude that respondent should be reciprocally disciplined for the same period imposed by the Supreme Court of New Jersey, namely one year. Any application for reinstatement by respondent shall make the showing required by this Court's rules (*see* 22 NYCRR 806.12 [b]) and include proof of respondent's reinstatement in New Jersey.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that respondent, while so suspended, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).