■ In the Matter of DONALD M. ROHAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [803 NYS2d 818]—

Per Curiam. Respondent was admitted to practice by this Court in 1997. He maintained an office for the practice of law in New Jersey, where he was admitted in 1996.

The Supreme Court of New Jersey suspended respondent from practice for a period of three months, effective August 10, 2005. The Supreme Court conditioned respondent's reinstatement on submission of proof of his fitness to practice law as attested to by a mental health professional approved by its Office of Attorney Ethics. The court based its suspension order on a decision of its Disciplinary Review Board which concluded that respondent was guilty of professional misconduct, including, among other things, neglect of client matters and misrepresentations to courts, clients, and the law firm which employed him.

Petitioner moves for an order imposing reciprocal discipline

upon respondent (*see* 22 NYCRR 806.19). Respondent has not appeared on the motion. We grant the motion and further conclude that respondent should be reciprocally suspended from practice for a period of three months (*see e.g. Matter of Robinson*, 262 AD2d 865 [1999]; *Matter of Gendel*, 233 AD2d 613 [1996]). Upon any application for reinstatement, respondent shall make the showing required by this Court's rules (*see* 22 NYCRR 806.12), including proof of his reinstatement to practice in New Jersey and submission of psychological opinion that he has the capacity to practice law (*see e.g. Matter of Maffongelli*, 4 AD3d 613 [2004]; *Matter of Wheatley*, 304 AD2d 1039 [2003]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice for a period of three months, effective immediately, and until further order of this Court; and it is further ordered that respondent, while suspended, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended or disbarred attorneys (*see* 22 NYCRR 806.9).