■ In the Matter of HOWARD S. DIAMOND, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [808 NYS2d 477]—

Per Curiam. Respondent was admitted to practice by this Court in 1986. He was also admitted in New Jersey in 1985 and maintained a law office in Randolph, New Jersey.

The Supreme Court of New Jersey suspended respondent for one year by order dated October 5, 2005, which suspension was

effective on November 1, 2005, for abandoning his clients by closing his law office without notice, neglecting cases for two clients, failing to communicate with clients, failing to deliver proceeds to his client in a personal injury settlement, failing to withdraw from representation of his clients when his impaired physical and mental condition made him unable to continue as an attorney, failing to act to protect his clients' interests, and failing to cooperate with attorney discipline authorities. The Supreme Court conditioned respondent's reinstatement to practice on submission of proof of his fitness to practice law as attested to by a mental health professional and that his practice of law be supervised.

Petitioner moves for an order imposing reciprocal discipline (*see* 22 NYCRR 806.19). Respondent has not appeared on the motion. We grant the motion and further conclude that respondent should be reciprocally suspended from practice for a period of one year (*see e.g. Matter of Robinson*, 262 AD2d 865 [1999]). Any application for reinstatement by respondent shall make the showing required by this Court's rules (*see* 22 NYCRR 806.12 [b]) and include proof of respondent's reinstatement in New Jersey. Furthermore, in order to be reinstated, respondent shall submit a psychological opinion that he is capable of practicing law (*see e.g. Matter of Maffongelli*, 4 AD3d 613 [2004]) and shall present evidence of proper disposition of his escrow account funds.

Mercure, J.P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).