In the Matter of RICHARD LEDINGHAM, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [833 NYS2d 917]—

Per Curiam. Respondent was admitted to practice by this Court in 1988. He maintained an office for the practice of law in New Jersey, where he was admitted in 1981.

By order of the Supreme Court of New Jersey in February 2007 (*Matter of Ledingham*, 189 NJ 298, 914 A2d 1288 [2007]), respondent was suspended from practice in that state for three months and until further order of that court. The order was based on a decision of the Disciplinary Review Board of the Supreme Court of New Jersey which concluded that respondent had charged an unreasonable fee, threatened his client with criminal action to collect the fee, and charged fees so clearly inflated as to constitute dishonesty.

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has filed an answer in reply to the motion which we have considered in mitigation.

We grant petitioner's motion and we further conclude that, in the interest of justice, respondent should be suspended from practice in this state for the same period that he was suspended from practice in New Jersey, namely, three months. Further, any application for reinstatement by respondent shall make the showing required by this Court's rules (*see* 22 NYCRR 806.12

[b]) and include proof of respondent's reinstatement to practice in New Jersey (*see e.g. Matter of Diamond*, 25 AD3d 1011 [2006]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice for a period of three months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).