In the Matter of WILLIAM L. HUNT, JR., an Attorney, Respondent. CITY OF NIAGARA FALLS BAR ASSOCIATION, Petitioner.

Fourth Department, November 2, 1972.

*Samuel J. Civiletto* for petitioner.

*William L. Hunt, Jr.,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar on January 16, 1946 by this court.

On December 9, 1971, pursuant to an application by petitioner, this court ordered a preliminary investigation by petitioner of charges of professional misconduct against respondent. Following that investigation petitioner submitted to the court a petition setting forth the following acts of misconduct in violation of canons 1, 6, and 9 of the Code of Professional Responsibility:

(1) Respondent, as attorney and executor of an estate, ignored requests by a testamentary beneficiary for payment of her bequest, failed to answer a complaint filed by the beneficiary with petitioner's Committee on Grievances, failed to obey an order of Surrogate's Court directing him to file an account and to appear before the court for examination with respect to his account and, as a result of such failure to comply, was held in contempt of court.

(2) After representing both parties in a loan and mortgage transaction, respondent collected mortgage payments but failed, and has still failed, to remit all of them to the mortgagee although he had been requested and had agreed to do so; he also failed to present a discharge of the mortgage upon full payment by the mortgagor who was compelled to institute proceedings to obtain a discharge granted by the court.

(3) Respondent collected rent but failed to deliver it, less his agreed collection fee, to a client from whom he also received in 1967 a stock certificate in the name of the client's deceased wife which respondent, as administrator of the estate of the wife, was to have reissued in the name of the client and his children but has failed to do so.

(4) Respondent was sent copies of six complaints against him filed with petitioner's Committee on Grievances in 1971. Although requested to answer each within 10 days, respondent failed to answer any of the complaints and failed to co-operate in any way with the committee concerning these complaints.

The petition with supporting affidavits and documents was served on respondent together with a notice of motion returnable before this court on October 17, 1972 notifying him that the charges would be acted upon at that time. Respondent failed to file an answer to the charges, did not appear on the return date,

and did not submit any papers on this application. ''Such inaction is not only construed to constitute an admision of the charges but also an indifference to the consequences of an adverse determination'' (*Matter of Nicotina,* 37 A D 2d 300, 301; *Matter of Schner,* 5 A D 2d 599, 600).

Respondent has demonstrated his unfitness to continue as a member of the profession. He should be disbarred.

GOLDMAN, P. J., DEL VECCHIO, WITMER, CARDAMONE and HENRY, JJ., concur.

Order of disbarment entered.