THIRD DEPARTMENT, JUNE, 1986

(June 13, 1986)*

■ In the Matter of THEODORE H. GREY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—The Committee on Professional Standards has commenced this disciplinary proceeding against respondent charging him with six counts of professional misconduct, including neglect of an estate matter and a personal injury claim entrusted to him, misleading a client, failing to cooperate with a former client's new counsel, misleading the Committee and others, and failing to cooperate with the Committee.

Respondent was admitted to practice in this Department in 1949 and maintains an office for the practice of law in Saratoga Springs.

Respondent has failed to answer the petition which was personally served upon him and the Committee now moves for a default judgment. Respondent has also failed to appear on or answer the motion for a default judgment. Because respondent's failure to answer or appear is tantamount to an admission of the charges against him and because the papers submitted by the Committee in support of the motion for a default judgment support the allegations of misconduct, the Committee's motion is granted and respondent is found guilty of professional misconduct as charged in the petition.

Several factors have been considered by the court in determining the appropriate discipline to be imposed upon respondent in this matter. First of all, the estate matter respondent

---

* Not published with other decisions of June, 1986, 121 AD2d 765. [Rep.

is guilty of neglecting has still not been finally resolved after nearly six years. Much of the recent progress on the estate is largely the result of prompting by others, including a directive by the Committee to complete the matter and the issuance by it of an admonishment and caution, the institution of litigation by respondent's coexecutor, and a letter from the Surrogate pleading for completion of the matter. Second, respondent's handling of the Clark personal injury claim left his client at best confused and frustrated and at worst deliberately deceived. Also, respondent's failure to institute suit prior to expiration of the Statute of Limitations clearly prejudiced this client. Third, by failing to cooperate with the Committee in its investigation and by failing to answer the petition or appear on the motion for a default judgment, respondent has evinced a disregard for his fate as an attorney. Last, we take note of the fact that respondent has been the subject of prior discipline imposed by this court (see, *Matter of Grey*, 64 AD2d 997) and, in addition, the Committee reports that it issued a letter of caution to him in April 1983 based upon his failure to cooperate with it in its investigation of another inquiry involving his professional conduct.

In consideration of the above and in order to protect the public, to deter similar misconduct and to preserve the reputation of the Bar, we conclude that suspension of respondent from the practice of law for a period of one year is appropriate.

Motion for default judgment granted, respondent found guilty of the charges of professional misconduct as set forth in the petition, and respondent is hereby suspended from the practice of law for a period of one year, the date of suspension to be fixed in the order to be entered hereon. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.