In the Matter of JOHN R. BURGESS, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 11, 1987

**APPEARANCES OF COUNSEL**

*David E. Brennan (Robert I. Gannon* of counsel), for petitioner.

*John Vaughan Millane, Jr.,* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Fourth Department, Eighth Judicial District, seeks an order pursuant to rule 1022.19 (f) (2) of the Rules of the Appellate Division, Fourth Department (22 NYCRR), suspending respondent from the practice of law pending consideration of disciplinary charges filed against him.

Respondent was admitted to practice by this court on February 12, 1980. By petition verified the 28th day of August 1986, the Grievance Committee commenced formal disciplinary proceedings against respondent, and by supplemental petition verified the 21st day of April 1987, commenced a further formal disciplinary proceeding based upon additional acts of misconduct. In support of its application for an order of suspension, the Committee has submitted documentary evidence as well as respondent's answer to the petition containing certain admissions by respondent.

On May 30, 1985, when respondent testified under oath before the staff of the Committee, he stated that he was a member in good standing of the Bar of the State of Illinois. He subsequently conceded that he had never been admitted to the Bar in that State. He admitted under oath that he refused to comply with lawful directives from the Social Security Administration made on August 1, 1985 and November 15, 1985 to refund an illegal fee of $1,400, until after his client retained another lawyer and brought a lawsuit for recovery of the fee.

In justification of his appropriation of $41,371.37 from the estate of Aleykutty Job, respondent told the Committee staff that he had previously deposited $41,371.37 of his personal funds into the estate account. In fact, the only deposit made in the estate account, as conclusively demonstrated by the bank records, consisted of checks totaling $41,371.37 belonging to the estate. When confronted with the bank records, respondent offered no explanation why he told the Committee that he had made the deposit from his personal funds.

Bank records show that on August 1, 1985, respondent withdrew the sum of $40,000 from the estate account and deposited the proceeds in his office account, and that after August 13, 1985, the balance in his office account was substantially below the sum of $40,000. Respondent's records show

that he does not maintain any ledger book or similar record of clients' fund, as required by 22 NYCRR 1022.5 (b) (2). Moreover, his records of his escrow bank account show balances substantially higher than those shown by the bank records. When questioned under oath by the Committee staff about these matters, respondent offered no explanation in contravention.

We conclude that the above admissions and uncontroverted evidence demonstrate that respondent is guilty of misconduct immediately threatening the public interest. Clearly, on the evidence before us, he cannot be trusted with clients' funds and he should be suspended forthwith.

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Order of suspension entered pursuant to 22 NYCRR 1022.19 (f) (2).