In the Matter of JOHN R. BURGESS, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 10, 1987

## APPEARANCES OF COUNSEL

*David E. Brennan* (*Robert I. Gannon* and *Maynard C. Schaus* of counsel), for petitioner.

*J. Vaughan Millane, Jr.,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this court on February 12, 1980, and until he was suspended by order of this court dated May 11, 1987 (see, Matter of Burgess, 128 AD2d 169), he maintained an office for the practice of law in the County of Erie, State of New York. By petition verified the 8th day of August 1986, the Grievance Committee of the Eighth Judicial District commenced formal disciplinary proceedings against respondent. By supplemental petition verified the 21st day of April 1987, the Grievance Committee commenced a further formal disciplinary proceeding against respondent based upon additional acts of misconduct. This supplemental petition charges several serious acts of misconduct involving the conversion of substantial sums of moneys from two estates and the commission of perjury during the course of the investigation into those conversions.

The notice and supplemental petition were personally served upon respondent on April 22, 1987. Respondent's time to answer or otherwise move with respect to the supplemental petition was extended to June 1, 1987, and respondent was directed to appear before this court on June 23, 1987. Respondent failed to answer the supplemental petition and failed to appear personally before this court on June 23, 1987 as directed, although his counsel did appear. The failure to answer constitutes an admission of the charges, and, together with his failure to appear personally as directed, demonstrates an indifference to the consequences of an adverse determination (see, Matter of Supples, 102 AD2d 699; Matter of Hunt, 40 AD2d 9).

Accordingly, respondent has violated Penal Law § 210.05, perjury in the third degree; Penal Law § 210.10, perjury in the second degree; Penal Law former § 155.35, grand larceny in the second degree; Canons 1 and 9 of the Code of Professional Responsibility, specifically DR 1-102 (A) (1), (3), (4), (5) and (6) and DR 9-102 (A) and (B), as well as 22 NYCRR 1022.5 (a) and (b), and he should be disbarred.

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Order of disbarment entered.