■ In the Matter of KATHRYN B. WUNDERLICH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent was admitted by this court in 1980 and, until recently, maintained an office for the practice of law in Ithaca.

In March of this year, petitioner Committee on Professional Standards commenced a disciplinary proceeding against respondent charging her with neglect, failing to respond to inquiries from her client and opposing counsel, and failure to cooperate with petitioner in its investigation of complaints against her. When no answer to the petition of charges was received, petitioner moved for a default judgment.

In another matter, it appears that since January of this year petitioner has been attempting to elicit a response from respondent with regard to a client complaint concerning respondent's alleged neglect of a Family Court matter. After sending several letters to respondent and receiving no answer, petitioner applied for a subpoena duces tecum in accordance with section 806.4 (b) of the court's rules (22 NYCRR 806.4

[b]). The subpoena was issued and required respondent's presence at the offices of petitioner in Albany on April 27. Upon respondent's failure to appear pursuant to this subpoena, the Committee moved for an order suspending her pending her compliance.

In response to these motions, respondent's attorney submits a report from a doctor indicating that he is currently treating respondent for "major depressive disorder without psychosis". Counsel submits that, in view of this report, respondent is suffering from a disability by reason of mental infirmity or illness and is presently incapable of defending herself against the charges pending against her. Counsel also states that respondent consents to an order of immediate suspension pursuant to section 806.10 (b) of the court's rules (22 NYCRR 806.10 [b]).

In accordance with the court's rules, respondent is suspended, effective immediately, pending a determination of her capacity to defend herself, such determination to be made in a proceeding pursuant to 22 NYCRR 806.10 (a). The instant disciplinary proceeding is held in abeyance pending this determination.

Respondent suspended, effective immediately and until further order of the court. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.