(April 11, 1989)

■ In the Matter of KATHRYN B. WUNDERLICH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the Bar by this court in 1980 and maintained an office for the practice of law in Ithaca, Tompkins County.

In March of 1988, petitioner commenced this disciplinary proceeding against respondent charging her with failure to follow a directive of petitioner contained in a written admoni-

tion, neglect of a legal matter, failure to respond to inquiries from her client and opposing counsel, releasing to her client funds received from the purchaser in connection with the sale of a mortgage without first filing certain papers as she had agreed, and failure to cooperate with petitioner in its investigation of complaints filed against her. Upon respondent's failure to answer the petition which was personally served upon her, petitioner moved for a default judgment. In response, respondent's attorney submitted a report from a doctor indicating that he was treating her for "major depressive disorder without psychosis." In view of the report, counsel urged that respondent was incapable of defending herself against the pending charges and indicated that she consented to an order of immediate suspension. On June 28, 1988, this court suspended respondent pending a determination of her capacity to defend herself against the pending charges and directed that the disciplinary proceeding, including the motion for a default judgment, be held in abeyance (Matter of Wunderlich, 141 AD2d 971).

Upon respondent's failure to furnish petitioner with an updated medical report from her physician concerning her capacity to defend herself or an affidavit of compliance with the order of suspension (see, 22 NYCRR 806.9 [f]), petitioner sought reconsideration of the decision holding the disciplinary proceeding in abeyance. The application was granted on January 20, 1989 and petitioner was directed to renotice the motion for a default judgment. The motion has been renoticed and served upon respondent and she has not appeared in response thereto.

In support of the motion for a default judgment, petitioner has submitted an affidavit of its staff attorney to which are annexed inquiries from complainants, a letter of admonition and various letters, all of which support and corroborate the charges contained in the petition. Moreover, respondent's failure to answer the petition or to appear is tantamount to an admission of the charges (see, Matter of Kove, 108 AD2d 986, 987). Accordingly, the motion for a default judgment is granted.

In determining an appropriate sanction to be imposed, we note that respondent has been both cautioned and admonished by petitioner for similar instances of neglect and failure to cooperate. We would further observe that by failing to answer the petition or appear on this motion, respondent has evinced a disregard for her fate as an attorney (see, Matter of Grey, 122 AD2d 626, 627). While the misconduct in this proceeding

in itself is not especially serious, we view with concern the unmistakable pattern of neglect and failure to cooperate with petitioner which respondent has engaged in since 1985. Under all the circumstances, we conclude that respondent should be suspended for a period of two years.

Respondent suspended for a period of two years, effective immediately, and until further order of the court. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.