In the Matter of DONALD G. SIMMONDS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 11, 1989

## APPEARANCES OF COUNSEL

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on October 20, 1971. By decision and order of this court dated December 8, 1988, the respondent was suspended from the practice of law for an indefinite term, pending a disciplinary proceeding, and the Grievance Committee was authorized to institute a disciplinary proceeding against the respondent.

By motion No. 414, the petitioner moves to discipline the respondent upon charges of professional misconduct. By motion No. 432, the petitioner moves for a default judgment imposing discipline.

The petitioner was unable to serve the respondent personally with the petition containing the charges as required by Judiciary Law § 90 (6) and, therefore, by order dated February 23, 1989, the Grievance Committee was directed to serve the respondent with the petition containing the charges by substituted service, in accordance with Judiciary Law § 90 (6). Although the respondent was personally served with the original notice of motion which requested the suspension of the respondent and the authorization to institute a disciplinary proceeding against the respondent, and was served pursuant to the order of substituted service with the petition containing the charges, the respondent has failed to appear or answer.

The charges, generally stated, are (1) that the respondent failed to register as an attorney with the Office of Court Administration pursuant to the Rules of the Chief Administrator of the Courts (22 NYCRR 118.1) and Judiciary Law § 468-a, despite repeated notices sent to him by the petitioner Grievance Committee and despite the imposition of a letter of admonition for his failure to so register, and (2) that the respondent failed to cooperate with the petitioner in its investigation of the respondent's failure to register as an attorney.

The charges, if established, would require the imposition of a disciplinary sanction. Since the respondent has chosen not to appear or answer in this proceeding, the charges must be deemed established. The petitioner's motion to discipline the respondent is therefore granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., THOMPSON, LAWRENCE, RUBIN and KUNZEMAN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Donald G. Simmonds is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with

this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Donald G. Simmonds is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.