In the Matter of WESTERVELT KIRKLAND TAYLOR, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 4, 1991

**APPEARANCES OF COUNSEL**

*Gary L. Casella (Sondra S. Holt* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this court dated December 27, 1989, the Grievance Committee was authorized to institute a disciplinary proceeding against the respondent.

On March 17, 1990, the respondent was personally served with the notice of petition and petition containing charges of

professional misconduct. The notice of petition was returnable on April 20, 1990, but the respondent failed to appear or answer the petition. On April 14, 1990, the respondent was personally served with a notice pursuant to section 691.3 of the rules of this court (22 NYCRR), apprising him that discipline would be imposed upon him based upon a sanction imposed upon him in the State of Washington, but the respondent again failed to appear or answer. On May 17, 1990, the respondent was personally served with a motion to hold him in default for his failure to appear or answer the two aforementioned motions and to impose discipline upon him for such default. The respondent failed to appear or answer the default motion.

The respondent was charged in this proceeding with failing to register with the Office of Court Administration as required by Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (22 NYCRR 118.1), and with failing to cooperate with the legitimate investigation of the petitioner Grievance Committee into a complaint of professional misconduct relating to his failure to register with the Office of Court Administration.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Since the respondent has chosen not to appear and answer the petition and any of the motions, although personally served upon him, the charges must be deemed established. The petitioner's motions to hold the respondent in default and to impose discipline are therefore granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer and further, based upon the sanction imposed upon him in the State of Washington is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Westervelt Kirkland Taylor is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Westervelt Kirkland Taylor is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.