(August 14, 1991)

■ In the Matter of GLENN C. RELYEA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Petitioner Committee on Professional Standards, by petition dated April 10, 1991, has charged respondent with three counts of professional misconduct, including failure to register as an attorney and pay the registration fee, failure to cooperate with petitioner, and failure to comply with a directive of petitioner. Respondent, who resides in Clifton Park, was admitted to practice by this court in 1971.

Respondent failed to answer the petition which was personally served upon him and the Committee now moves for a default judgment. Respondent has also failed to timely appear on or answer the motion for a default judgment. Because respondent's failure to answer or appear is tantamount to an admission of the charges against him and because the papers submitted by petitioner in support of the motion for a default judgment support the allegations of misconduct, petitioner's motion is granted and respondent is found guilty of professional misconduct as charged in the petition (see, Matter of Grey, 122 AD2d 626).

Charge I of the petition accuses respondent of failing to file a registration statement and pay the registration fee, as required by Judiciary Law § 468-a and section 118.1 of the Rules of the Chief Administrator of the courts (22 NYCRR 118.1). Charge II accuses respondent of failing to cooperate with petitioner's investigation of his nonregistration and cites his failure to respond to three letters from petitioner seeking his compliance with the registration requirement and his failure to correspond with the Office of Court Administration regarding registration as directed by a letter of caution issued to him by petitioner. Charge III states that after petitioner advised him of its intention to admonish him orally and in writing for his continued failure to register and cooperate with petitioner (see, 22 NYCRR 806.4 [c] [2]), respondent failed to demand a petition for the institution of a disciplinary proceeding, did not appear as directed to be admonished on March 29, 1991, and did not otherwise contact petitioner.

Subsequent to the return date of petitioner's motion, respondent submitted two letters to the court indicating that he desires to retain his status as an attorney, that he stands ready to fully comply with the attorney registration requirement and pay the registration fee, and that his misconduct in

connection with this matter was caused by certain personal problems.

Under the circumstances, we conclude that respondent should be censured. He is also directed to submit proof of his compliance with the attorney registration requirement and payment of the attorney registration fee (see, Judiciary Law § 468-a; 22 NYCRR 118.1) to petitioner within 30 days of the date of this decision.

Mahoney, P. J., Weiss, Mercure, Crew III and Harvey, JJ., concur. Ordered that petitioner's motion for default judgment is granted and respondent found guilty of professional misconduct as charged in the petition. Ordered that respondent is censured. Ordered that respondent is directed to submit proof of his compliance with the attorney registration requirement and payment of the attorney registration fee to petitioner within 30 days of the date of this decision.