(November 26, 1991)

■ In the Matter of DONALD F. LARSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court in 1965 and maintains an office for the practice of law at his home in Nassau, Rensselaer County.

Petitioner, the Committee on Professional Standards, moves for a default judgment against respondent on the ground that he has failed to answer a petition of charges and specifications dated August 19, 1991 which was personally served upon him on September 11, 1991. Respondent has also failed to appear on the motion for a default judgment. His failures to answer or appear are tantamount to an admission of the charges *(Matter of Wunderlich,* 149 AD2d 809, 810; *Matter of Grey,* 122 AD2d 626; *Matter of Kove,* 108 AD2d 986, 987).

The petition charges respondent with five counts of professional misconduct. Charge I alleges failure to register as an attorney or pay the registration fee as required by Judiciary Law § 468-a and section 118.1 of the Rules of the Chief Administrator of the Courts [22 NYCRR 118.1]. Charge II alleges failure to cooperate with petitioner in its investigation of the Jenkins inquiry necessitating the issuance of a subpoena requiring respondent's attendance at a hearing (held Feb. 28, 1991). Charge III alleges failure to comply with this court's rule (22 NYCRR 806.4 [e]) obligating respondent to reimburse petitioner for its stenographic costs associated with the hearing. Charge IV alleges failure to comply with petitioner's letter of July 3, 1991, which advised respondent of petitioner's intention to admonish him orally and in writing and that he was to appear before petitioner for the oral admonition on July 26, 1991, unless he made timely demand for the institution of a disciplinary proceeding pursuant to section 806.4 (c) of this court's rules (22 NYCRR 806.4 [c]). Respondent did not demand the institution of a disciplinary proceeding, nor did he appear on July 26, or otherwise contact petitioner.* Charge V alleges that respondent attempted to mislead and deceive petitioner at the February 28 hearing.

It has been held that a default judgment in a disciplinary proceeding should be granted only when the requirements for entry of a default judgment in a civil action or proceeding have been met, i.e., the movant must file proof of service of the notice of petition and proof by affidavit of the facts constituting the alleged misconduct (see, Matter of Cooper, 42 AD2d 631; Matter of Loughrey, 37 AD2d 187). Here, petitioner has filed such proof. However, we grant the motion for a default judgment only to the extent of finding respondent guilty of Charges I through IV in view of the insufficiency of petitioner's proof in support of Charge V.

Respondent is guilty of serious professional misconduct. He has evinced a disregard for his fate and responsibilities as an attorney and an unacceptable disrespect for petitioner's authority and for this court's rules. In view of such misconduct, and in order to deter similar misconduct and to preserve the reputation of the Bar, we conclude that respondent should be disbarred. (See, e.g., Matter of Taylor, 164 AD2d 699; Matter of

---

* Petitioner intended to admonish respondent for failure to register or pay the registration fee; failure to cooperate with petitioner's investigation of the failure to register and the Jenkins inquiry; attempting to mislead petitioner at the February 28, 1991 hearing; and failure to respond to two letters requesting stenographic expense reimbursement.

*Farley,* 155 AD2d 715; *Matter of Wunderlich, supra; Matter of Hunt,* 40 AD2d 9, 11; *see also, Matter of Relyea,* 175 AD2d 949.)

Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich Jr., JJ., concur. Ordered that petitioner's motion for a default judgment be and hereby is granted with respect to Charges I through IV of the petition of charges and specifications; and it is further ordered that, effective immediately, Donald F. Larson be and hereby is disbarred, and his name stricken from the roll of attorneys and counselors at law in the State of New York; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto, and it is further ordered that respondent shall comply with the provisions of section 806.9 of the Rules of this Court [22 NYCRR 806.9] regulating the conduct of disbarred, suspended or resigned attorneys.