■ In the Matter of MICHAEL A. FEIT, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [627 NYS2d 458] —Per Curiam. Respondent was admitted to practice by this Court in 1966. He maintains an office for the practice of law in Albany.

Respondent has not answered or replied or otherwise appeared in opposition to a petition of four charges of professional misconduct dated February 2, 1995, or to petitioner's subsequent default judgment motion, made returnable April 10, 1995, though both the petition and motion were personally served on him. In support of its motion, petitioner has filed proof of service of the petition and motion and proof by affidavit of the facts constituting the alleged misconduct. Under such circumstances, we grant the motion and find that respondent's failures constitute an admission to the charges *(see, e.g., Matter of Grey,* 122 AD2d 626).

Although he may have had some misgivings on whether a lawsuit was the best course of action for his client, respondent agreed to file a complaint on the client's behalf and then failed to do so. Respondent then mislead his client by telling him that a filing was imminent. The client eventually felt compelled to obtain new counsel and did so. Respondent also failed to answer, without justification, five status inquiries from another client. Finally, respondent has failed to accord petitioner the prompt and full cooperation that is its due *(see, e.g., Matter of Cohn,* 194 AD2d 987) and petitioner had to resort to subpoena to complete its investigation.

Respondent's disciplinary record aggravates his misconduct. He was censured by this Court on December 15, 1989, for failure to cooperate with petitioner *(Matter of Feit,* 156 AD2d 810). On May 2, 1986, respondent received a letter of admonition for, among other things, failing to cooperate with petitioner's investigation of an inquiry from one Verna M. John; petitioner had to obtain an order directing respondent's appearance to be examined under oath. On May 4, 1987, respon-

dent received another letter of admonition for his failure to cooperate in petitioner's investigation of John's renewed inquiry; petitioner was again obliged to obtain a subpoena compelling respondent's testimony under oath. On February 26, 1988, respondent received a third letter of admonition, together with an oral admonition, for failure to cooperate in the investigation of another inquiry. Once again, respondent's failure to cooperate necessitated the procurement of a subpoena directing his appearance for examination under oath. After he was censured, respondent was orally admonished by petitioner on December 7, 1990, for failure to cooperate and for neglecting an appeal. In May 1992, respondent was cautioned for entering a guilty plea to a vehicle and traffic charge without his client's consent and for failing to communicate with his client. Respondent's misconduct is also aggravated by his apparent disregard for his fate as an attorney as exemplified by his failure to answer the instant petition or the default judgment motion (see, e.g., Matter of Larson, 177 AD2d 852, 853).

Respondent has shown a repeated inability to afford to petitioner the cooperation attorneys are required to provide to it and there is scant evidence that this disturbing pattern will change. Accordingly, in order to protect the public, deter similar misconduct, and preserve the reputation of the bar, we find that respondent should be suspended from the practice of law for a period of one year.

Mikoll, J. P., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that petitioner's motion for a default judgment be and hereby is granted and that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of one year, effective June 19, 1995; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys. [As amended by unpublished order, entered May 22, 1995.]