(June 8, 1998)

■ In the Matter of KAREN ARMS, an Attorney and Counselor-at-Law. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; KAREN ARMS, Respondent. [674 NYS2d 156] —Per Curiam. Respondent was admitted to practice by this Court on January 25, 1983.

Since 1985, respondent has failed to comply with the attorney registration requirements (see, Judiciary Law § 468-a; 22 NYCRR part 118) and has not responded to four letters from petitioner, the Committee on Professional Standards, sent to respondent at her last known address in Savannah,

Georgia, advising her of her obligation to comply with the requirements.

By petition dated February 3, 1998, she was charged with failure to comply with the attorney registration requirements and with failure to cooperate with petitioner's investigation of the noncompliance, in violation of the Code of Professional Responsibility (Code of Professional Responsibility DR 1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]). Respondent has not answered or otherwise appeared in reply to the petition and has not responded to petitioner's subsequent default judgment motion.

Under the circumstances presented, we grant petitioner's default judgment motion, find respondent guilty of the professional misconduct charged and specified in the petition, and disbar respondent (*see, e.g., Matter of Walters*, 204 AD2d 799; *Matter of Larson*, 177 AD2d 852; *Matter of Taylor*, 164 AD2d 699; *Matter of Kent*, 162 AD2d 43; *Matter of Simmonds*, 152 AD2d 403; *see, generally, Benjamin v Koeppel*, 85 NY2d 549).

Cardona, P. J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred, and her name is removed from the roll of attorneys of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and she is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of this Court's rules regulating the conduct of disbarred attorneys (22 NYCRR 806.9).