■ In the Matter of JACK J. SISSMAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [710 NYS2d 731] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1962. He maintains a law office in Albany County.

After having granted a motion by petitioner, the Committee

on Professional Standards, for an order declaring that the pleadings raised no factual issues and after having heard respondent in mitigation, we find respondent guilty of the five charges of professional misconduct as specified in the petition.

Respondent represented homeowners in a Saratoga County development who sought redress relating to issues arising from the purchase of their homes. Initially, respondent represented the clients with an Albany firm with whom he shared office space. He continued the complex litigation on his own after the firm withdrew. After reaching a settlement with the builder and a subcontractor regarding the installation of a septic system, his fee exceeded the amount to which he was entitled pursuant to the retainer agreement because he failed to properly credit his clients with certain expenses, in violation of this Court's disciplinary rules (*see*, Code of Professional Responsibility DR 1-102 [a] [5]; DR 2-106 [22 NYCRR 1200.3 (a) (5); 1200.11]). Respondent also made misrepresentations regarding the litigation in a letter to petitioner and at an examination under oath before petitioner (*see*, Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]); failed to reply to numerous communications from a spokesperson for the homeowners' litigation committee (*see*, Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]); and failed to maintain a copy of the retainer agreement and copies of his bills to the clients, as required (*see*, Code of Professional Responsibility DR 9-102 [d] [3], [5] [22 NYCRR 1200.46 (d) (3), (5)]). Finally, respondent failed to give petitioner complete and prompt cooperation (*see*, Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

In mitigation, respondent denies any intent to mislead or deceive petitioner or to not cooperate and states that his excessive fee was an unintentional error and that he has made a partial refund to the affected homeowners. He claims that he was overwhelmed by the litigation and expresses remorse concerning his professional misconduct. Respondent also submits several laudatory character affidavits. In aggravation, petitioner advises that it has issued two letters of caution to respondent and admonished him twice.

In view of the circumstances, especially his misrepresentations to and lack of cooperation with petitioner, we conclude that respondent should be suspended for a period of six months. However, we stay the suspension on condition respondent (1) cooperates with petitioner in determining the amount of any refunds or restitution due his clients; (2) makes such refunds

or restitution within a period of six months from the date of this decision; and (3) during the period of suspension, completes six credit hours of accredited continuing legal education in ethics and professionalism in addition to the accredited continuing legal education required of all attorneys (*see*, 22 NYCRR part 1500). Respondent shall report his compliance with the conditions to petitioner.

Mercure, J. P., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective immediately, which suspension is hereby stayed upon the conditions set forth in this Court's decision; and it is further ordered that respondent may apply to this Court to terminate the suspension after six months from the date of this Order, which application shall be served upon petitioner, which shall inquire into the merits of, and may be heard upon, such application.