■ In the Matter of Thomas W. Lewis, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [724 NYS2d 915] —Per Curiam. Respondent was admitted to practice by this Court in 1983. He maintains an office in the Town of Greenville, Greene County.

Respondent has not answered or otherwise replied to a petition of charges or to petitioner's subsequent motion for a default judgment, both of which were personally served upon him. Under such circumstances, respondent is deemed to have admitted the charges and we grant petitioner's motion (*see, e.g., Matter of Petrolawicz*, 228 AD2d 1005). Further, based on such admission and the proof submitted by petitioner, we find respondent guilty of the charged misconduct.

Respondent neglected a client's tax matter, in violation of this Court's disciplinary rules (*see*, Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to respond to communications from the client (*see*, DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), and failed to cooperate with petitioner (*see*, DR 1-102 [a] [5] [7] [22 NYCRR 1200.3 (a) (5), (7)]).

Since 1992, petitioner has issued a letter of caution to respondent and admonished him on three occasions. In view of his disciplinary record and the disinterest in his fate as an attorney he has shown, and to protect the public from an attorney not attending to his practice, we conclude that respondent should be suspended from practice for a period of one year (*see, e.g., Matter of Feit*, 215 AD2d 937).

Mercure, J. P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from practice for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see*, 22 NYCRR 806.9).