■ In the Matter of ALOYSIUS O. EJIMAKOR, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [784 NYS2d 672]—

Per Curiam. Respondent was admitted to practice by this Court in 1995 and maintained a law office in Landover Hills, Maryland. He is currently suspended from practice in New York by order of this Court entered June 15, 2000 for failure to register as an attorney in violation of Judiciary Law § 468-a (*see Matter of Attorneys in Violation of Judiciary Law § 468-a*, 273 AD2d 600 [2000]).

Petitioner charges respondent with having engaged in conduct

involving dishonesty, fraud, deceit and misrepresentation, conduct that is prejudicial to the administration of justice, conduct adversely reflecting upon his fitness as an attorney, the unauthorized practice of law, and failure to cooperate with petitioner's investigation. Respondent has not filed an answer to the petition of charges. Petitioner now moves for a default judgment and respondent has failed to answer or appear on the motion. Respondent's failure to answer or appear is tantamount to an admission of the charges (*see Matter of Wunderlich*, 149 AD2d 809 [1989]). Under these circumstances, we grant the motion and examine the proof submitted by petitioner to ascertain the extent of respondent's guilt of the charges of professional misconduct (*see Matter of Farrington*, 270 AD2d 710 [2000]).

Charge I, specification 1, alleges that respondent represented clients before the United States Immigration Court knowing that he was suspended from the practice of law. Specification 2 alleges that respondent filed notices of appearance as an attorney with the Immigration Court and the Board of Immigration Appeals when he knew he was suspended from the practice of law. Specification 3 alleges that respondent filed 50 representation forms in immigration cases affirming that he was a member in good standing of the New York State bar. Specification 4 alleges that the Department of Justice has suspended respondent for nine months for having misrepresented his ability to practice law. Charge II alleges that respondent failed to cooperate with petitioner.

Petitioner has not established that respondent knew that he was a suspended attorney at the time that he was practicing law before the immigration tribunals in Maryland since it has not been proven that the June 15, 2000 suspension order was ever served upon or mailed to respondent. Accordingly, we find respondent not guilty of Charge I, specifications 1, 2 and 3, which are premised on his knowledge of his suspension. However, we find respondent guilty of professional misconduct as set forth in Charge I, specification 4, and Charge II, which have been established by the facts and by respondent's default in answering the petition and motion.

In view of the above, we conclude that respondent should be suspended from practice for a period of one year, effective immediately.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and respondent is found guilty of professional misconduct as set forth in Charge I, specification 4, and Charge II; and it is further ordered that respondent is suspended from the

practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).