In the Matter of JACK J. SISSMAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [820 NYS2d 533]—Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1962. He maintains a law office in Latham, Albany County.

Petitioner has commenced a disciplinary proceeding against respondent and now moves for an order suspending him from the practice of law due to incapacity pursuant to Judiciary Law § 90 (2) and this Court's rules (*see* 22 NYCRR 806.10 [a]). In support of the motion, petitioner submits reports from respondent's treating physicians stating that he is no longer capable of practicing law. Respondent admits that his illnesses make it impossible for him to carry out his obligations to his clients. We grant petitioner's motion and suspend respondent from practice indefinitely and until further order of this Court. We also grant petitioner's motion for an order declaring that no factual issues are raised by the pleadings in the disciplinary proceeding and direct the Clerk to fix a time at which respondent may be heard in mitigation (*see* 22 NYCRR 806.5).

Mercure, J.P., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motions are granted; and it is further ordered that, pursuant to this Court's rules (*see* 22 NYCRR 806.10 [a]), respondent is suspended from the practice of law indefinitely and until further order of this Court, effective immediately; and it is further ordered that, pursuant to this Court's rules (*see* 22 NYCRR 806.5), it is declared that no factual issues are raised by the pleadings and the Clerk is directed to fix a time at which respondent may be heard in mitigation or otherwise; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).