■ In the Matter of Jack J. Sissman, a Suspended Attorney, Respondent. Committee on Professional Standards, Petitioner. [823 NYS2d 785]—

Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1962. He maintained a law office in Latham, Albany County.

By decision dated September 14, 2006 (*Matter of Sissman*, 32 AD3d 1078 [2006]), this Court granted a motion by petitioner and suspended respondent from practice indefinitely due to respondent's incapacity, pursuant to Judiciary Law § 90 (2) and this Court's rules (*see* 22 NYCRR 806.10 [a]). We also granted petitioner's motion for an order declaring that no factual issues are raised by the pleadings in this disciplinary proceeding and directed the Clerk to fix a time at which respondent may be heard in mitigation (*see* 22 NYCRR 806.5). Respondent has made no further submission.

We now find respondent guilty of professional misconduct as

set forth in the petition of charges. Respondent neglected a legal matter entrusted to him (*see* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to communicate with his client (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failed to withdraw from employment when his physical or mental condition made it unreasonably difficult to carry out the employment (*see* Code of Professional Responsibility DR 2-110 [b] [3]; [c] [4] [22 NYCRR 1200.15 (b) (3); (c) (4)]), and failed to cooperate with petitioner (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).

Under all of the circumstances, including respondent's prior disciplinary record (*see e.g. Matter of Sissman*, 274 AD2d 738 [2000]), we conclude that respondent should be suspended from practice for a period of one year, effective immediately (*see Matter of Lewis*, 283 AD2d 831 [2001]; *Matter of Griffin*, 278 AD2d 581 [2000]; *Matter of Joseph*, 237 AD2d 727 [1997]; *Matter of Rea*, 173 AD2d 955 [1991]).

Upon any application for reinstatement, respondent shall make the showing required by this Court's rules (*see* 22 NYCRR 806.12 [b]), including submission of a medical opinion that he has the mental and physical capacity to resume the practice of law.

Mercure, J.P., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).