Per Curiam.
Respondent was admitted to practice by this Court in 1976. He maintains an office for the practice of law in the Village of Saugerties, Ulster County.
Following respondent’s failure to answer a petition of charges, dated December 4, 2013, containing 11 charges of professional misconduct with specifications, petitioner moved for a default judgment, which respondent opposed. Subsequently, by confidential order dated April 25, 2014, this Court granted petitioner’s motion to the extent of finding respondent guilty of charges I through III and VI through XI, excepting specification 3 of charge IX (see e.g. Matter of Ejimakor, 12 AD3d 930, 931 [2004]; Matter of Farrington, 270 AD2d 710, 710 [2000]; Matter of Larson, 177 AD2d 852, 853 [1991]). Specifically, respondent was found guilty of representing a client when there was a significant risk that the lawyer’s professional judgment would be adversely affected by the lawyer’s own interests (see former Code of Professional Responsibility DR 5-101 [a] [former 22 NYCRR 1200.20 (a)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [2]),* entering into a business transaction with a client when there was a conflict of interest (see former Code of Professional Responsibility DR 5-104 [a] [former 22 NYCRR 1200.23 (a)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.8 [a] [2]), neglecting client matters (see former Code of Professional Responsibility DR 6-101 [a] [3] [former 22 NYCRR 1200.30 (a) (3)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]), impermissibly serving as both advocate and witness at a tribunal (see former Code of Professional Responsibility DR 1-102 [a] [5] [former 22 NYCRR 1200.3 (a) (5)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.7, 3.7 [b] [2]), failing to promptly pay or deliver funds belonging to a client or third party (see Rules of Professional Conduct *1220 [22 NYCRR 1200.0] rule 1.15 [c] [4]), advancing financial assistance other than court costs or expenses of litigation while representing a client (see former Code of Professional Responsibility DR 5-103 [b] [4] [former 22 NYCRR 1200.22 (b) (4)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.8 [e] [1]), failing to respond to clients and keep them reasonably informed as to the status of their cases (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4 [a] [3], [4]), failing to provide retainer agreements (see 22 NYCRR 1400), and engaging in conduct prejudicial to the administration of justice by, among other things, failing to cooperate with petitioner (see former Code of Professional Responsibility DR 1-102 [a] [5] [former 22 NYCRR 1200.3 (a) (5)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).
Upon finding respondent in default, this Court provided respondent with an opportunity to be heard in mitigation. We have heard respondent in mitigation, where he expressed no remorse, but attempted to explain or justify his conduct.
Respondent’s serious professional misconduct is aggravated by previous letters of caution and a letter of admonition issued by petitioner for similar misconduct. Upon consideration of all relevant factors presented herein, and in order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that disbarment is an appropriate sanction (see Matter of Perry, 85 AD3d 1443, 1445 [2011]; Matter of Barber, 70 AD3d 1296 [2010]; Matter of Hogan, 56 AD3d 887 [2008]).
Lahtinen, J.P., Stein, McCarthy and Garry, JJ., concur.
Ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).

 Some of the charges herein involve conduct occurring before and after April 1, 2009, the effective date of the Rules of Professional Conduct, and thus both the Rules of Professional Conduct and the former Code of Professional Responsibility are applicable herein.