Matter of Brownell (2020 NY Slip Op 01237)





Matter of Brownell


2020 NY Slip Op 01237


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

PM-32-20

[*1]In the Matter of Glen W. Brownell, a Suspended Attorney. (Attorney Registration No. 1973387.)

Calendar Date: December 16, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1985. He previously maintained an office for the practice of law in the City of Schenectady, Schenectady County, but, in July 2018, this Court suspended him from the practice of law for 90 days upon sustained allegations of professional misconduct (163 AD3d 1346 [2018]). Thereafter, in an unrelated matter, this Court suspended respondent for a period of six months upon sustained violations of eight distinct provisions of the Rules of Professional Conduct with respect to his representation of a domestic relations client (166 AD3d 1162 [2018]). He remains so suspended to date.
Subsequently, respondent became the subject of new investigations by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) into five additional client complaints of alleged professional misconduct. Following AGC's repeated unsuccessful attempts to gain respondent's cooperation in these investigations, AGC now moves, by order to show cause marked returnable December 16, 2019, for an order suspending respondent during the pendency of its investigations pursuant to, among other things, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9.[FN1]
Respondent has not replied to the motion.
AGC has submitted sufficient evidence establishing respondent's failure to comply with lawful demands for information and records and respondent's default in responding to a notice to appear for examination, as well as his failure to cooperate by producing his records, despite several requests that he do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Respondent's failure to comply with AGC's lawful demands constitutes professional misconduct immediately threatening the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and unquestionably impacts the effectiveness of the attorney disciplinary system (Matter of Stevenson, 177 AD3d 1076, 1077 [2019]; Matter of Yu, 164 AD3d 1009, 1010 [2018]; Matter of Tan, 164 AD3d 1537, 1538 [2018]). Accordingly, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's ongoing investigations and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). In so doing, we remind respondent of his affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice (see Matter of Stevenson, 177 AD3d at 1077; Matter of Cracolici, 173 AD3d 1430, 1432 [2019]).
Egan Jr., J.P., Lynch, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).



Footnotes

Footnote 1: We note that AGC also seeks respondent's interim suspension based upon uncontroverted evidence of misconduct stemming from his failure to fulfill his attorney registration requirements since the 2015—2016 biennial period (see Matter of Attorneys in Violation of Judiciary Law § 468—a, 172 AD3d 1706 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9[a] [5]). However, we need not address that part of the motion based on our determination concerning respondent's failure to cooperate with AGC's investigations.