Matter of Enekwe (2020 NY Slip Op 05124)





Matter of Enekwe


2020 NY Slip Op 05124


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

PM-122-20

[*1]In the Matter of Chinedu Oluwatobi Patrick Enekwe, an Attorney. (Attorney Registration No. 4736070.)

Calendar Date: August 10, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2009 and currently lists a business address in Washington, DC.
In 2017, respondent was convicted of misdemeanor assault in
Washington, DC (see DC Code § 22-404 [a] [1]) and sentenced to 180 days of incarceration with all but nine days suspended, along with a one-year term of supervised probation. In the course of its ensuing investigation of this incident, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) determined that respondent had also defaulted in two civil matters initiated in the Superior Court of the District of Columbia, one of which arose from the same operative facts giving rise to his assault conviction.
Ultimately, AGC's members determined, by a fair preponderance of the evidence, that respondent had engaged in professional misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (b) and 8.4 (d). Accordingly, AGC's members determined that an admonition was the appropriate sanction, and that the admonition should be delivered by personal appearance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.2 [b], [d] [2] [v]). Respondent did not subsequently appear as directed and, as a consequence, AGC now moves for respondent's interim suspension, alleging his lack of compliance with its lawful directive in the course of a disciplinary proceeding (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]). Respondent has not replied to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), a respondent may be suspended during the pendency of a disciplinary investigation or proceeding upon a showing that he or she "has engaged in conduct immediately threatening the public interest." Such conduct may be established by proof that an attorney has failed to comply with a lawful demand from AGC during the course of an investigation or proceeding (see Rules for Attorney Disciplinary Matters [22 NYCRR) § 1240.9 [a] [3]). Indeed, this Court has consistently stated that attorneys are obligated to fully comply with the lawful demands of AGC during an investigation or proceeding, and that the failure to do so constitutes misconduct that "impacts the effectiveness of the attorney disciplinary system" and warrants the imposition of discipline (Matter of Brownell, 180 AD3d 1218, 1219 [2020]; see Matter of Stevenson, 177 AD3d 1076, 1077 [2019]; Matter of Basch, 175 AD3d 1772, 1773-1774 [2019]).
As is relevant here, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.2 (b) clearly empowers AGC to direct an attorney to personally appear for an admonition when it deems it appropriate. To this point, the failure to personally appear for an admonition as directed has served as the basis for discipline on several occasions (see Matter of Coleman, 116 AD3d 1219, 1219 [2014]; Matter of Dayton, 94 AD3d 1329, 1329 [2012]; Matter of Sexton, 231 AD2d 832, 832 [1996]; Matter of Larson, 177 AD2d 852, 853 [1991]; Matter of Relyea, 175 AD2d 949, 949 [1991]). Because respondent has provided no response to AGC's motion, we deem the allegations underlying the motion uncontroverted (see Matter of Basch, 175 AD3d at 1773 n; Matter of Channing, 163 AD3d 1259, 1260 [2018]). We therefore find that AGC has clearly established respondent's failure to comply with a lawful directive from AGC by virtue of his failure to personally appear for an admonishment, and further determine that such conduct immediately threatens the public interest and warrants his interim suspension (see Matter of McCoy-Jacien, 175 AD3d 801, 803 [2019]; see also Matter of Crumb, 50 AD3d 1310, 1311 [2008]).[FN1] Accordingly, we grant AGC's motion to suspend respondent on an interim basis pending respondent's cooperation and until further order of this Court. Finally, we remind respondent that he has an affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order, and that his failure to do so may result in his disbarment without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; see also Matter of Fritzsch, 170 AD3d 1422, 1423 [2019], lv dismissed 34 NY3d 943 [2019]).
Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).



Footnotes

Footnote 1: We take note that the notice of admonition provided to respondent cautioned him that his failure to personally appear could result in the initiation of proceedings seeking his interim suspension pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9.